FRANCES E. TASKER *vs.* INHABITANTS OF FARMINGDALE.

Kennebec.    Opinion May 14, 1898.

*Towns.    Way.    Negligence.    New Trial.*

A verdict clearly wrong will be set aside.

As the plaintiff was driving in the evening over a road with which she was perfectly well acquainted, she saw an electric car approaching her. She testified that her horse " was under full control all the time and did not seem to be alarmed at all." When she saw the approaching car, she turned her horse toward the side of the road away from the car track and continued driving in that direction until her carriage wheel dropped down over the end of a culvert, when she was thrown out of the carriage and sustained certain injury. The road at this point was smooth and nearly level and twenty-one feet in width between the end of the culvert and the nearest rail of the car track. She also testified that "objects were plainly visible," that she could see the car tracks and the width of the road perfectly well. Yet, although she was an expert driver of twenty years' experience, as she says, and had a horse that showed no signs of alarm and was under perfect control, she continued to drive away from the track and towards the side of the road until the wheel of her carriage dropped down over the end of a culvert twenty-one feet distant from the track. It does not appear that she gave any thought or attention to the side of the road that she was all the time approaching, although, with a safe horse under perfect control she had ample opportunity to do so.

*Held;* that a verdict in favor of the plaintiff was clearly wrong; that the plaintiff's own testimony and that introduced in her behalf, showed conclusively that the accident was caused, in part at least, by her own negligence.

The court adheres to its former opinions in the same case in 85 Maine, 523, and 88 Maine, 103.

See *Tasker* v. *Farmingdale,* 85 Maine, 523; S. C. 88 Maine, 103.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action to recover damages sustained by an alleged defective highway. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial and also took exceptions. The view of the case taken by the court renders a statement of the exceptions immaterial.

The case appears in the opinion.

*A. M. Spear and W. D. Whitney; H. M. Heath and C. L. Andrews,* for plaintiff.

*O. D. Baker and F. L. Staples,* for defendant.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ.

WISWELL, J. This case, an action to recover damages for personal injuries alleged to have been sustained by reason of a defective highway, has been three times tried, each time resulting in a verdict for the plaintiff.

The first two verdicts were set aside by the law court, not because the court believed that the jury had erred in passing upon contradictory testimony as to disputed facts, but because, in the opinion of the court, the plaintiff's testimony, and that introduced in her behalf, conclusively showed that the accident was caused, in part at least, by her own negligence. 85 Maine, 523, and 88 Maine, 103.

The case is now again before the court upon a motion to set aside the third verdict. Precisely the same question is presented that has been twice before passed upon by the court. The case has each time been tried upon substantially the same testimony. At the last trial no new testimony material to this issue of contributory negligence was introduced; and, from the nature of the case and on account of the reasons of the court for setting aside the former verdicts, it is difficult to perceive how the plaintiff's case could have been aided by additional testimony.

The material and undisputed facts, upon which the court in the former decisions has based its conclusion that the plaintiff's want of due care contributed to the accident, are these: As the plaintiff was driving in the evening over a road with which she was perfectly well acquainted, she saw approaching her an electric car. She says that her horse "was under full control all the time and did not seem to be alarmed at all." When she saw the approaching car, she turned her horse toward the side of the road away from the car track and continued driving in that direction until her

carriage wheel dropped down over the end of a culvert, when she was thrown out of the carriage and sustained certain injury. The road at this point was smooth and nearly level and twenty-one feet in width between the end of the culvert and the nearest rail of the track. She says that: "Objects were plainly visible," that she could see the car track and the width of the road perfectly well. Yet, although she was, as she says, an expert driver of twenty years' experience, and had a horse that showed no signs of alarm and was under perfect control, she continued to drive away from the track and towards the side of the road until the wheel of her carriage dropped down over the end of a culvert, twenty-one feet distant from the track. It does not appear that she gave any thought or attention to the side of the road that she was all the time approaching, although, with a safe horse under perfect control, she had ample opportunity to do so. It must be true, as was said by the court in its first opinion, "that her attention was so absorbed by the electric car that she gave no thought to the danger she might encounter by driving out of the road."

Upon these facts, this court held, when the case was first before it, that the verdict in favor of the plaintiff was clearly wrong, that she intentionally and unnecessarily reined her horse out of the road, that "thoughtless inattention—the very essence of negligence, was the cause of the accident."

When the case was again before the court upon the same facts, the first decision was affirmed, the court saying: "Upon second argument and further consideration the court considers that its views before expressed must control the case and the verdict be set aside."

And now after the third argument and still further consideration we see no reason to change the views of the court previously expressed. This result disposes of the case so that the exceptions need not be considered.

*Motion sustained.    New trial granted.*