## COFFEY, Appellant, v. CITY OF CARTHAGE.

### Division Two, February 21, 1905.

1. **SIDEWALK: Ordinance Width: Safety.** Where by ordinances the entire space between the curb and lot line is expressly set aside for sidewalk purposes, it is incumbent upon the city to keep the entire space in a reasonably safe condition for pedestrians who may have occasion to use it.

2. **———: ———: ———: Instructions: Stone Flagging and Grass Plot.** Where by the city's ordinances the entire space between the curbing and lot lines was set apart for sidewalk purposes, and a part was required to be and did consist of flagstone pavement and the rest of a grass plot, and plaintiff was injured by stepping into a hole in the flagstone at the edge of the pavement, it is error to instruct the jury that she can not recover if she was at the time walking on the grass plot.

3. **———: Use of Care: Causal Connection: Instruction.** An instruction which tells the jury that "if at the time of the injury plaintiff was carelessly and negligently walking along the edge of the sidewalk mentioned in the evidence, and failing to use ordinary care in paying attention to where she was walking, and by reason of such carelessness and negligence she stepped into the hole and was injured, then plaintiff can not recover," is subject to the criticism that it assumes that if plaintiff had exercised a reasonable degree of care and caution she could have discovered the defect or hole in the sidewalk and thereby avoided the injury. It may have been true that by the exercise of ordinary care the defect in the sidewalk

could not have been discovered. To bar her recovery on the ground of contributory negligence, her negligence must have contributed to the injury.

4. ———: ———: Negligence   A pedestrian has the right to assume that the sidewalk is in a reasonably safe condition, and to act upon that assumption. Nevertheless she must exercise that degree of care and caution in walking thereon that a prudent person ordinarily employs under similar circumstances; and if by the exercise of such care she could have avoided the injury, but failed to exercise it, but proceeded carelessly and without paying any attention to where she was walking, she can not recover.

5. ———: ———: ———: Inferable From the Fact: Abstract Proposition. An instruction which tells the jury "that the mere fact that plaintiff was injured by a fall upon the defendant's sidewalk occasioned by stepping in a hole is no evidence of itself that defendant was negligent in keeping its sidewalks in good repair," while a mere abstract proposition of law, yet correctly states the law, and if the court in the trial of the cause felt it necessary to warn the jury that the mere fact that the injury of itself constituted no negligence, it was not error to give this instruction.

6. ———: ———: Contributory Negligence: Submitting Issue. Where plaintiff upon cross-examination testifies that at the time she stepped in the hole, she was looking at a man who was diagonally crossing the street in front of her and towards the sidewalk on which she was walking, and that she was a little scared was the reason she was looking at him, and that for that reason she was not paying attention to where she was walking, and that had she been paying attention to where she was walking she would not have stepped in the hole in the sidewalk, there is evidence upon which to submit the question of her contributory negligence.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*H. L. Shannon* and *Cole & Burnett* for appellant.

(1)   The court erred in telling the jury in instruction 12 that if plaintiff was not walking on the stone sidewalk when injured, but was walking on the grass

plot between the sidewalk and street, and in doing so was injured, the defendant would not be liable. Fockler v. Kansas City, 94 Mo. App. 464; Walker v. Kansas City, 99 Mo. 650; Roe v. Kansas City, 100 Mo. 192; Goins v. Moberly, 127 Mo. 116; Kassman v. St. Louis, 153 Mo. 293; Gerdes v. Iron & Foundry Co., 124 Mo. 357. (2) The court erred in telling the jury in instruction 9 that if, at the time of her injury, plaintiff was carelessly and negligently walking along the edge of the stone walk mentioned in the evidence, and failing to use ordinary care in paying attention to where she was walking, and by reason of such carelessness and negligence she stepped into the hole and was injured, then the jury should find a verdict for the defendant. Barr v. Kansas City, 105 Mo. 559; Sawyer v. Railroad, 37 Mo. 263; Anderson v. Kinchloe, 30 Mo. 525; Finn v. St. L. Pub. Schools, 39 Mo. 67; Chappell v. Allen, 38 Mo. 222; Jones v. Jones, 57 Mo. 142; Tibbe v. Kamp, 154 Mo. 583; State v. Hibler, 149 Mo. 478; State v. Rutherford, 152 Mo. 124. (3) The court erred in telling the jury in instruction 8 that the mere fact that plaintiff was injured by a fall upon defendant's sidewalk occasioned by stepping in a hole is no evidence of itself that defendant was negligent in keeping its sidewalks in good repair, or in a reasonably safe condition. Fisher v. Central Lead Co., 156 Mo. 495; Thompson v. Railroad, 93 Mo. App. 554; Hopper v. Southern Hotel Co., 142 Mo. 378. (4) The court erred in submitting the question of plaintiff's contributory negligence to the jury. Williams v. Hannibal, 94 Mo. App. 556; Goins v. Moberly, 127 Mo. 120; Kassman v. St. Louis, 153 Mo. 300.

*J. D. Harris* and *H. J. Green* for respondent.

(1) Under the pleadings and evidence made by the parties, appellant ought not to be heard to complain of instruction 12. Doughterty v. Horsehead, 159

N. Y. 154; Ring v. Cohoes, 77 N. Y. 83; Dubois v. Kingston, 103 N. Y. 219; Winsten v. Terre Haute, 147 Ind. 556; Macomber v. Tauton, 100 Mass. 225; Wellington v. Geogon, 31 Kan. 99; B. & J. v. Long, 56 Ill. 458; Clark v. Dasso, 34 Mich. 86; Everett v. C. & B., 46 Iowa 66; Atlanta v. Halladay, 96 Ga. 546; Winter v. Peterson, 126 Ind. 436; Johnson v. Philadelphia, 139 Pa. St. 646; Raymond v. Lowell, 6 Cush. 524; Teisler v. Norwitch, 73 Conn. 199; Cincinnati v. Fleisher, 63 Ohio St. 229; Horner v. Philadelphia, 194 Pa. St. 524; Harrington v. Brooklyn, 67 Hun 85; s. c., affirmed, 143 N. Y. 661; Platt v. Mayor, 8 Misc. Rep. 409. These cases clearly announce the equitable and just doctrine that a city ought not to be liable for injuries upon these grass plots that are not designed for sidewalks. (2) Instruction 9 under the evidence in this case was proper. Jackson v. Kansas City, 79 S. W. 1174; Wheat v. St. Louis, 179 Mo. 572; Churchman v. Kansas City, 44 Mo. App. 668; Phelps v. Salisbury, 161 Mo. 15. (3) Instruction 8 is in line with the following cases: Young v. Kansas City, 45 Mo. App. 602; Carvin v. St. Louis, 151 Mo. 345; Staples v. Canton, 69 Mo. 592; Buckley v. Kansas City, 156 Mo. 16; Baustian v. Young, 115 Mo. 317. (4) The rule in this State is well settled that when plaintiff's own testimony shows she was not using ordinary care and was guilty of contributory negligence, she can not recover even if defendant was negligent; where plaintiff's own testimony shows that she is guilty of contributory negligence she can not recover; failure to look where she was going when she knew the sidewalk, is negligence as a matter of law, and the court should have so declared. Cohn v. Kansas City, 108 Mo. 387; Hudson v. Railroad, 101 Mo. 30; Hesselbach v. St. Louis, 179 Mo. 505; Glasscock v. Swofford Bro. D. Co., 80 S. W. 364; Jackson v. Kansas City, 79 S. W. 1174; Wheat v. St. Louis, 179 Mo. 572; Christian v. Ins. Co., 143 Mo. 460; Lowsden v. Kessler, 76 Mo. App. 581; Plummer v. Milan, 79 Mo. App. 439; Roberts v.

Tel. Co., 166 Mo. 370; Sindlinger v. Kansas City, 126 Mo. 315; Hogan v. Railroad, 150 Mo. 55.

FOX, J.—This is an action for personal injuries wherein appellant demanded the sum of five thousand dollars from respondent city of Carthage, a city of the third class, by reason of a defective sidewalk on one of respondent's streets.

The negligence complained of is thus stated in the petition:

"That McGregor street in said city, with its sidewalks, is and was for more than ten years prior to the injuries herein complained of, a public street of said city, accepted by said city as such, and used during said time by the inhabitants of said city as a public street and thoroughfare for the passage of vehicles, and passengers on foot; that on the twenty-third day of January, 1901, there was on the east side of said street, between Walnut and Sycamore streets, in said city, a sawed stone sidewalk, about five or six feet in width, and that there was on said date, in the edge of said sidewalk, on the west side thereof, a hole of about six to eight inches in diameter, and about twelve inches deep, which said hole rendered said sidewalk unsafe and dangerous for persons walking thereon; that the said hole and unsafe and dangerous condition of said sidewalk existed on the said date and at the time of plaintiff's injuries hereinafter complained of, and such hole and condition of said sidewalk had so existed and remained for a long time prior to said injury, to-wit, for at least two months, and that the said defendant city had notice of the existence of said hole and of the said unsafe and dangerous condition of said sidewalk, or by the exercise of reasonable care might have known of said hole and the said unsafe and dangerous condition of said sidewalk, in time to have covered or repaired the same before the time of said injury, and

had carelessly and negligently permitted said hole to be and remain in said sidewalk, and had carelessly and negligently permitted said sidewalk to be and remain in said unsafe and dangerous condition at the time of said injuries and for a long time prior thereto.''

The defense to this action, as indicated by the answer filed, was:

"1st.   A general denial.

"2d.   Contributory negligence.

"3d.   That if plaintiff was injured as she alleged in her petition it was at a place not designated for foot passengers and who are not expected to travel on the same or designed for such use.''

The testimony tended to prove substantially the following state of facts, that:

"McGregor street is a public highway in the city of Carthage.  By ordinance it is provided that all sidewalks on McGregor street shall be ten feet wide, with not less than six feet of brick or flagstone pavement and granite or limestone curbstones on the outside.

"Ten or twelve years before the trial of this case a sidewalk was constructed on the east side of this street in front of Rudolph Finke's residence, consisting of 'six feet of flagstone pavement,' and a 'grass plot four feet wide between the flagstone and curbstone,' the whole forming a 'smooth and even upper surface.'

"When this sidewalk was constructed a corner was removed from one of the stones at a point where a water plug was stationed.  The hole in the sidewalk resulting from the removal of the corner of said stone, was at first plugged up by the insertion of a wooden boxing therein, which was covered by an iron covering.

"The testimony tends to show that this boxing had rotted out three or four years before the trial, and the dirt from the grass plot had caved in, forming a hole in the stone and dirt portion of the sidewalk combined, from five to six inches wide and from twelve to sixteen inches long, the length of the hole being horizontal with

the sidewalk. This hole had existed in the sidewalk for at least a year before the injury to appellant and it had been left uncovered except that at times a loose rock was laid over it.

"On the morning of the twenty-third day of January, 1901, when the day was just breaking, appellant, while going in a southernly direction from her home to make a business call upon a Mr. Kennedy, stepped her right foot into said hole, whereby she was thrown to the ground and received the injuries complained of.

"At the time of stepping into the hole appellant was walking briskly along on the stone flagging near its outer edge, looking diagonally across the street at a man, whom she supposed was a tramp, coming from a back door and taking the same direction she was going. To avoid meeting him she checked up and was going slow, when the first thing she knew her right foot was in the hole."

Upon cross-examination, as tending to show contributory negligence, the defendant elicited from plaintiff the following testimony:

"Q. Were you in the habit of going along McGregor street? A. Yes, I went along there a few times.

"Q. Along the sidewalk? A. Yes, sir.

"Q. How often had you been along there before? A. Been along a few times. Never kept any account of it at all.

"Q. You were in the habit of walking on the grass plot, weren't you? A. Well, I would walk along on the side of the stone walk at times, and then when my feet got very tired I would walk on the grass plot.

"Q. Didn't you state on both your former trials that you were in the habit of walking on the grass plot for to rest your feet? A. At times; yes, sir.

"Q. That is pretty nice sidewalk along there? A. Yes, sir.

"Q. Six feet wide? A. I don't know. I never measured it. May be, though.

"Q. Shade trees along the edge of the walk? A. Yes, sir.

"Q. You say you were walking pretty fast? A. At first; yes, sir.

"Q. Until you saw a man coming out from a house opposite? A. It is about opposite where I fell, when I first noticed him is where he was coming out, and I checked up a little bit.

"Q. Wasn't he coming out from McReynolds's? A. No, sir. It was a smaller house, and on the north side of McReynolds's.

"Q. Mr. Perkins's? A. I don't know. I didn't know there was a Perkins living there.

"Q. Was it the first house south? A. I didn't notice that.

"Q. He turned south on the street? A. Yes, sir.

"Q. You were looking at him when you stepped in the hole? A. Yes, sir.

"Q. You don't know whether you were walking on the grass plot or not, do you? A. I do. I was walking on the sidewalk.

"Q. Didn't you state at the last trial, and at the first trial, you didn't notice where you were going? Didn't you state you were not paying any attention to where you were walking, and looking at the man? A. Yes, sir.

"Q. Didn't you also state to the jury on both trials, if you had been paying attention to where you were walking you wouldn't have stepped in the hole? A. I guess if I had been looking—if I hadn't had my attention called to something I was more fearful of—

"Q. If you weren't paying attention to where you were walking, will you tell the jury how you can state you were not walking on the grass plot? A. I know I was on the stone. I knew the difference between the stone and the grass plot.

"Q.  You don't seem to know under what circumstances you stepped into the hole; you were looking across the street; you were scared, were you?  Were you scared?  A.  I suppose I was a little bit scared.

"Q.  Didn't you testify before you were scared?  A.  I presume I did.

"Q.  And looking diagonally across the street at this man?  A.  Yes.

"Q.  And weren't paying attention to where you were walking; isn't that a fact?  A.  I didn't think I had to.

"Q.  Now, answer my question: isn't that a fact?  A.  Yes, sir.

"Q.  And if you had been paying attention to where you were walking you wouldn't have stepped in that place, would you?.  A.  I had my attention on this other thing.

"Q.  Answer my question?  A.  Yes, sir.

"Q.  Didn't you swear twice if you had been paying attention you wouldn't have stepped in the hole?  A.  If my attention hadn't been drawn away.

"Q.  Didn't you swear to that twice?  A.  Yes, sir.

"Q.  Is that true?  A.  Yes, sir."

At the close of the evidence, the court instructed the jury and the cause was submitted, and they returned a verdict for defendant.

From the judgment upon this verdict plaintiff, in due time and proper form, prosecuted her appeal to this court.

The instructions complained of will be given proper notice and attention in the course of the opinion.

OPINION.

*First.*  Appellant challenged the correctness of instruction numbered 12 given on behalf of defendant. This instruction declared the law as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff was not walking on the stone sidewalk when injured, but was walking on the grass plot between the sidewalk and street, and in doing so was injured, the defendant, the city of Carthage, will not be liable."

Under the ordinances introduced in evidence, it is clear that the entire space between the curbstone and the lot line, including the grass plot, was embraced in the sidewalk and expressly set apart for that purpose by the ordinances of the city. This being true, it was incumbent upon the city to keep the entire space thrown open to the public as a sidewalk, in a condition reasonably safe for pedestrians who may have occasion to use it. The Kansas City Court of Appeals, in Fockler v. Kansas City, 94 Mo. App. 464, properly declared the law applicable to this proposition. It is in perfect harmony with the rule announced by this court in the cases cited in support of the conclusions reached. In the discussion of the question before the court in that case, which was substantially the same as the one in the case at bar, the law was thus very clearly and concisely presented:

"It is the well-settled law of this State that it is the duty of cities to keep their streets in a reasonably safe condition for the use of the travelling public, and for a failure to perform this duty they are held to be liable to persons for injuries received by them while travelling thereon in the exercise of due care. It is true that in the case of Tritz v. City of Kansas, 84 Mo. 632, the court held that 'a city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel.' But in the subsequent cases of Walker v. City of Kansas, 99 Mo. 647, and Kossman v. St. Louis, 153 Mo. 293, the Tritz case was overruled and is no longer authority in this State. The contention of the city is that, as the space left between the sidewalk and the street curbing

was not intended for the use of pedestrians, the city owed no duty to the plaintiff to keep it free from dangerous obstructions. It will be readily conceded that the city, for obvious reasons, had the right to leave a space between the curbing of the street and the sidewalk unimproved. In other words, it was not compelled to put the entire space occupied by the street in the same uniform condition for travel. Cities are not compelled to pave and provide sidewalks for their streets, but they may do so for their own convenience and for the use of the public. But they are compelled to keep them, when thrown open to public use, in a reasonably safe condition for travel. It seems to us that the difficulty with the defendant's contention is that because the city left a portion of its street unimproved along with and as a part of that which was improved, it owed no duty whatever to the public as to the former." [Goins v. Moberly, 127 Mo. 116.]

This is decisive of this question and the instruction must be held as erroneous.

*Second.* Instruction numbered 9, given on behalf of defendant, is challenged by appellant on the ground that it singles out and gives undue prominence to certain facts developed at the trial. The instruction is as follows:

"The court instructs the jury that if you believe from the evidence that at the time of the injury the plaintiff was carelessly and negligently walking along the edge of the stone walk mentioned in the evidence, and failing to use ordinary care in paying attention to where she was walking, and by reason of such carelessness and negligence she stepped into the hole and was injured, then the plaintiff can not recover on the ground of contributory negligence, and you should find a verdict for the defendant, the city of Carthage."

This instruction embodies a correct legal principle, and is substantially a proper declaration of law; its

error consists in not fully covering the law, as applicable to the facts of this case.

It substantially tells the jury that if plaintiff failed to use ordinary care in paying proper attention to where she was walking, and by reason of such carelessness and negligence she was injured, there can be no recovery.

While the instruction may impliedly cover the law applicable to the facts of the case, yet, in its present form, it is subject to the criticism that it assumes that if plaintiff had exercised a reasonable degree of care and caution, she could have discovered the defect or hole in the sidewalk, and thereby avoided the injury. She may have been careless, and failed to exercise ordinary care in walking on the sidewalk, but it may also be true that by the exercise of ordinary care and the absence of any carelessness or negligence, the defect or hole in the walk could not have been discovered.

Negligence on the part of a plaintiff, which will defeat a recovery in cases of this character, must be negligence which contributes to the injury. If the defect in a sidewalk or street was such that the exercise of a reasonable degree of care and caution would not have enabled the pedestrian to discover it, then, in that case, even though there was inattention in walking upon the sidewalk, it would not have constituted contributory negligence. If the plaintiff in this case had knowledge of the defect or hole in the sidewalk, or by the exercise of a reasonable degree of care and caution in travelling upon the sidewalk, could have discovered such defect, and, if the testimony shows that by reason of her carelessness and negligence, in paying no attention to where she was walking, she failed to discover such defect or hole in the walk, and stepped into the same, and was injured, then she is not entitled to recover, and an instruction embodying that principle would more nearly conform to the approved precedents by this court, than the one complained of in this cause.

The law upon this proposition may thus be briefly stated: If plaintiff had no knowledge of the defect or hole in the sidewalk, then she had the right to assume that the sidewalk was in a reasonably safe condition. But while she was entitled to act upon this assumption, still she must exercise that degree of care and caution in walking on said sidewalk which a prudent person ordinarily employs under similar circumstances.

If, by the exercise of a reasonable degree of care and caution, she could have discovered the defect or hole in the sidewalk, and avoided the injury, it was incumbent upon her to do so, and if she failed to comply with this duty that every citizen owes the city, and proceeded carelessly and without paying any attention to where she was walking, then there can be no recovery. [Wheat v. St. Louis, 179 Mo. 572, and cases cited; Phelps v. City of Salisbury, 161 Mo. 1; Jackson v. Kansas City, 106 Mo. App. 52; Churchman v. Kansas City, 44 Mo. App. 665.]

In Wheat v. St. Louis, supra, after a careful, thorough and exhaustive review of all the authorities, the rule was thus very aptly and tersely stated: "While the city owes the citizen the duty to keep the highways reasonably safe for persons to pass over, the citizen owes the city the duty to use his God-given senses, and not to run into obstructions that he is familiar with or which by the exercise of ordinary care he could discover and easily avoid."

*Third.* The correctness of instruction numbered 8 is challenged by appellant. It is as follows:

"You are further instructed that the mere fact that plaintiff was injured by a fall upon defendant's sidewalk occasioned by stepping in a hole is no evidence of itself that the defendant was negligent in keeping its sidewalks in good repair, or in a reasonably safe condition."

While it may be said that this instruction states merely an abstract proposition of law, yet it states the

law correctly, and if the court, in the trial of this cause, felt that it was appropriate to warn the jury that the mere fact of injury of itself constituted no evidence of the negligence of the defendant, we see no error in its doing so, nor was it prejudicial to appellant.

BURGESS, J., in Carvin v. St. Louis, 151 Mo. l. c. 345, thus stated the law:

"The mere fact that a person is injured by a fall upon a street occasioned by a defective sidewalk is no evidence of itself that the municipal corporation was negligent in keeping its streets in repair, nor is such corporation an insurer of pedestrians upon its streets and sidewalks against accidents, but its liability is for negligence in not performing its duty to the public in not keeping them in a reasonably safe condition and repair."

Instruction numbered 8 simply stated to the jury what this court announced was the law, and there was no error in such instruction.

*Fourth.* This brings us to the consideration of the only remaining contention of appellant, that the court erroneously submitted to the jury, upon the facts as developed at the trial, the question of contributory negligence.

We are unable to agree with learned counsel for appellant upon this contention. The testimony elicited from plaintiff alone upon cross-examination, as herein indicated, was ample to warrant the court in submitting the issue, as to plaintiff's contributory negligence, to the jury.

For the errors as herein indicated the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

All concur.