## JOHN A. BENTLEY, Respondent, v. ROTHSCHILD BROTHERS HAT COMPANY, Appellant.

### Springfield Court of Appeals, June 6, 1910.

1. **NEGLIGENCE: Defective Sidewalks: Injury to Pedestrians: Contributory Negligence.** Defendant maintained a manhole in the sidewalk in front of his building. At the time of the accident, the covering had been removed and defendant's servants were unloading bales of hickory straps and putting them in the basement through the manhole. Plaintiiff came out of defendant's buildiing, started toward one of the men unloading the bales, who was an old friend, to speak to him, and fell into the manhole and was injured. Plaintiff claimed to have no knowledge of the existence of the hole and that he kept his eyes on his friend as he walked toward him. *Held,* that the case was for the jury on both the questions of defendant's negligence and plaintiff's contributory negligence.

2. —————: —————: **Duty of Traveler: Instructions.** A person passing along a sidewalk in a city who has no knowledge of any defects in a sidewalk is not required to be constantly watching for holes in or obstructions upon the walk, but he has the right to assume that the walk is in a reasonably safe condiition and to act upon that assumption. An instruction covering this proposition is approved.

3. —————: —————: **Duty of Party Maintaining Manhole in a Sidewalk.** Where a party maintains manhole in a sidewalk adjacent to his place of business, it is his duty to use the same care to keep it in a safe condition and prevent injury to pedestrians upon the walk as the city would be required to use, had it maintained the hole in the walk. When the hole is uncovered, it should be guarded so that pedestrians would be warned of the danger.

Appeal from the St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*Blevins* & *Jamison* for respondent.

(1) It was not the duty of plaintiff to examine the sidewalk for defects. He could act on the presumption that the walk was reasonably safe so long as he conducted himself as a reasonably prudent person would under the circumstances. Heberling v. Warrensburg, 204 Mo. 604; Perrette v. Kansas City, 162 Mo. 239; Coffey v. Carthage, 186 Mo. 585, 200 Mo. 616; Holloway v. Kansas City, 184 Mo. 29; Roe v. Kansas City, 100 Mo. 193; Drake v. Kansas City, 190 Mo. 385; Stout v. Columbia, 118 Mo. App. 439. (2) A person permitted by an ordinance to maintain manholes in the sidewalk in front of his premises for the reception of coal must use reasonable care to keep them in a safe condition. Benjamin v. Railroad, 133 Mo. 274; Reedy v. Brewing Ass'n, 161 Mo. 534; Perrigo v. St. Louis, 185 Mo. 287; Kirkpatrick v. Knapp, 28 Mo. App. 427; Mancuso v. Kansas City, 74 Mo. App. 138; Stevens v. Walpole, 76 Mo. App. 213; Jegglin v. Roeder, 79 Mo. App. 428; Matthews v. DeGroff, 13 App. Div. (N. Y. N. S.), 356; Whalen v. Gloucester, 4 Hun 27. (3) The case made by plaintiff clearly entitled him to the opinion of the jury as to whether defendant was negligent; and, if so, whether plaintiff was guilty of contributory negligence. Darrell v. St. Joseph, 109 Mo. App. 170; Lattimore v. Light & Power Co., 128 Mo. App. 37; Coffey v. Carthage, 186 Mo. 573; Flynn v. Neosho, 114 Mo. 567; Barr v. Kansas City, 105 Mo. 550; Maus v. Springfield, 101 Mo. 613; Dushing v. Gas Light Co., 73 Mo. 219; Deland v. Cameron, 112 Mo. App. 707; Stout v. Columbia, 118 Mo. App. 439; Heberling v. Warrensburg, 204 Mo. 604; Perrette v. Kansas City, 162 Mo. 238; Holloway v. Kansas City, 184 Mo. 19; Stevens v. Walpole, 76 Mo. App. 213.

*Watts, Williams & Dines* and *Wm. R. Gentry* for appellant.

The demurrer to the evidence should have been sustained for two reasons: First, because it was not shown that the defendant was guilty of any negligence which contributed to cause the plaintiff's injuries.     Lorenzo v. Wirth, 170 Mass. 596; Fitzgerald v. Degnon C. Co., 110 N. Y. Supp. 857; Gallagher v. Proctor, 84 Me. 41; second, because the plaintiff himself was guilty of gross negligence which directly contributed to his injuries in this, to-wit: that he heedlessly rushed across the sidewalk to where a man was engaged in putting hickory hoops through a hole in the sidewalk, without paying any attention to what was going on or looking where he stepped. It was in broad daylight and he could have seen if he had looked. It was his duty to look where he was going.     Wheat v. St. Louis, 179 Mo. 582; Coffey v. Carthage, 186 Mo. 584; Benton v. Philadelphia, 198 Pa. St. 396; Shallcross v. Philadelphia, 40 Atl. 818; Yahn v. Ottumwa, 60 Ia. 429; Strutt v. Railroad, 18 N. Y. App. Div. S. C. 134; Stackhouse v. Vendig, 166 Pa. St. 582; Easton v. Philadelphia, 26 Pa. Sup. 517; Tolan v. Philadelphia, 35 Pa. Sup. 311; Lauterbach v. Philadelphia, 217 Pa. St. 318; Robb v. Connellsville, 137 Pa. St. 42; Sickels v. Philadelphia, 209 Pa. St. 113; Whalen v. Gas Light Co., 151 N. Y. 70; Whitman v. Lewiston, 97 Me. 519; Lerner v. Philadelphia, 70 Atl. 755.

COX, J.—Action for damages caused by plaintiff stepping in a hole in the sidewalk adjacent to the business house of defendant on St. Charles street in the city of St. Louis. The petition alleges that the defendant kept and maintained in said sidewalk about three and one-half feet from the wall of its building a manhole or opening therein, leading from St. Charles street into defendant's basement underneath, and under the said sidewalk and building. That said manhole was some-

times used by defendant as a passage or way for unloading into and taking out of said basement merchandise and freight; that this manhole was circular in form and even with the surface of said sidewalk and was about two feet in diameter. That it was covered with a lid, and that on the occasion of the injury complained of, the lid had been removed by defendant and the manhole was open, and that plaintiff, while using due care upon his part, stepped therein and was injured. The answer was a general denial and a plea of contributory negligence. Trial was had before a jury, resulting in a verdict for plaintiff for $6880, upon which judgment was rendered. Defendant, after having taken the proper steps, appealed, and assigns as error the action of the court in overruling a demurrer to the evidence, and error in giving instructions at the request of the plaintiff.

The instruction which it is claimed is erroneous is as follows:

"If the jury find and believe from the evidence that the sidewalk mentioned in the evidence was a public thoroughfare and in common and general use by pedestrians, and that plaintiff did not know that covering had been removed from the manhole or opening in said sidewalk, then the plaintiff had the right to act upon the assumption that the said sidewalk was in a reasonably safe condition, plaintiff being required, however, in going or walking along or upon said sidewalk to exercise reasonable care for his own safety."

We discover no error in this instruction. It asserts a correct proposition of law. It is not the law that a person passing along a sidewalk in a city who has no knowledge of any defects therein, is required to be constantly watching for holes in, or obstructions upon the walk, but he has the right to assume that the walk is in a reasonably safe condition and to act upon that assumption. [Heberling v. City of Warrensburg, 204 Mo.

604, 103 S. W. 36; Perrette v. Kansas City, 162 Mo. 238, 62 S. W. 448; Coffey v. Carthage, 186 Mo. 573, 85 S. W. 532.]

This brings us to a consideration of the demurrer to the testimony. The evidence in this case shows that the defendant did maintain what is called a manhole in the sidewalk some five feet from the building, and about two and one-half feet from the curb. That at the time of the accident the defendants had removed the cover from this manhole and were unloading from a wagon backed up to the curb bales of hickory wood straps, each strap about eight feet long, one inch wide and one quarter inch thick, one hundred of which being tied together constituted a bale. There was a man in the wagon who handed the bales to one, Edwards, who stood upon the walk, and who put the bales through the hole in the walk where they were received by a man in the basement. That at the time of the injury the plaintiff came out of the door of the building of the defendant about twelve feet from this hole. That on going out he discovered Edwards who was an old acquaintance of his and who was standing at or near the hole. Plaintiff had started to go diagonally across the street to a cigar stand, but on seeing Edwards started to go to him to greet him, and, as he testified, he kept his eye upon Edwards, did not even notice the team or the wagon and did not see the hole in the sidewalk, but, in walking to Edwards, stepped in the hole and was injured. That he was in the employ of defendant as a traveling salesman, but that he only came to St. Louis twice a year and that he had no knowledge of the existence of this hole in the walk until he fell into it. Edwards testified that when plaintiff greeted him he had just handed a bale through the hole to the man in the basement, and was standing near the hole and between plaintiff and the hole, and that when plaintiff greeted him he answered his greeting, then stepped away, over near to the wagon for the purpose of securing another bale.

Defendant contends that the hole in the walk, when the cover was removed, was in plain view and that the presence of the wagon and of Edwards and the men engaged in putting the bales through the hole was sufficient to call his attention to the hole, and, therefore he was guilty of contributory negligence in stepping into it and cannot recover for that reason. Further that the defendant was not negligent in its use of the hole in the sidewalk, and for that reason is not liable.

This hole in the walk was maintained by the defendant for its own convenience and benefit, and, for that reason, it was required to use the same care in keeping it in a safe condition and preventing injury to the pedestrians upon the walk as the city would have been had it maintained the hole in the walk. [Benjamin v. Street Railway Co., 133 Mo. 274, 34 S. W. 590; Carvin v. City of St. Louis, 151 Mo. 334, 52 S. W. 210; Reedy v. Brewing Ass'n, City of St. Louis, 161 Mo. 534, 61 S. W. 859.]

It seems clear to us that it was negligence on the part of the defendant, if it did so, to leave the hole open so that a pedestrian upon the walk would be liable to step therein; while it may have been entirely right and proper for it to have used it in the way it did, yet the duty to protect passers by from injury by falling into it would have suggested to defendant to use some precaution to prevent such a result. It would not have been a difficult matter to have guarded the hole with a crate, closed on three sides and left open upon the side where the bales were to be put through, or to have required Edwards who was standing near the hole and putting bales into it, to have kept a lookout and have warned everyone coming along of the presence of the hole in the walk. Edwards, who was putting the bales through the walk, testified that he saw plaintiff come out at the door, heard his greeting and returned it, and then immediately passed from a position between the plaintiff and the hole to one near the wagon for the purpose of

getting another bale, and this necessarily left the hole exposed, and common prudence upon his part would have suggested, having seen plaintiff, as the evidence shows, in twelve feet of the hole, that he should have warned plaintiff against the danger caused by the hole being open in the walk. Hence, there was abundant evidence upon which to submit the question of defendant's negligence to the jury.

But counsel for defendant strenuously insists that the evidence is such as to show the plaintiff guilty of contributory negligence as a matter of law, and that the case ought to have been taken from the jury by the court for that reason.. To sustain this contention we are cited to the cases of Wheat v. City of St. Louis, 179 Mo. 572, 78 S. W. 790, and Coffey v. City of Carthage, 186 Mo. 573, 85 S. W. 532. The facts in the Wheat case were that the city had placed a manhole leading to the sewer in the street which was at that time unimproved, and the manhole was allowed to project some three feet above the then grade of the street, in order that it would be at the proper height when the street was improved. The plaintiff in that case was the driver of a milk wagon and this obstruction in the street had been there for a year or more and the plaintiff was entirely familiar with it, having driven by it nearly every day during the year, knew its location and all about it. He was injured by either driving or permitting his team to draw the wheels of his milk wagon upon the elevated grade of dirt that surrounded the manhole which resulted in his wagon being overturned and he being injured. The court held in that case that the evidence showed that as a matter of law he was guilty of contributory negligence and that he could not recover, but placed it chiefly upon the ground of his familiarity with the condition of the street, holding that by reason of his knowledge of the condition of the street that it was negligence for him to drive or permit his team to pull the wagon as he did. It is apparent at once that that

case is not authority in this for the reason that the evidence in this case shows that the plaintiff had no knowledge of the presence of the hole in the sidewalk.

The facts in the case of Coffey v. City of Carthage bear a strong similarity to the facts in this case. In that case, the plaintiff, a woman, was walking upon a sidewalk, and her attention was attracted to a man on the opposite side of the street, whom she supposed was a tramp, and while looking at him, she continued walking and was paying no attention to where she was stepping and stepped into a hole in the walk and was injured. The Supreme Court, speaking through Judge Fox, held in that case that the question of plaintiff's negligence was a question for the jury and the Court succinctly states the law applicable to the facts of that case as follows:

"If plaintiff had no knowledge of the defect or hole in the sidewalk, then she had the right to assume that the sidewalk was in a reasonably safe condition, but while she was entitled to act upon this assumption still she must exercise that degree of care and caution in walking on said sidewalk which a prudent person ordinarily employs under similar circumstances." This statement of the law is cited and approved in Heberling v. Warrensburg, 204 Mo. 604, l. c. 616-617, 103 S. W. 36, and GANTT, J., commenting further on the Coffey case, said: "Other expressions in that case in regard to her duty to discover the defect in the sidewalk must be read in connection with the facts in the case, and mean no more than that every traveler is bound to use ordinary care for his own safety and that if Mrs. Coffey, in that case, was proceeding carelessly and without paying any attention to where she was walking, then she could not recover, but it is not to be understood that it is the duty of a citizen to inspect sidewalks or streets for defects of which he has no knowledge, but he may act upon the presumption that the street is reasonably safe

so long as he conducts himself as a reasonably prudent person would under like circumstances."

The plaintiff in this case, in walking upon the sidewalk no matter for what purpose, had the right to assume, in the absence of knowledge to the contrary that the sidewalk was in a reasonably safe condition, and it cannot be said as a matter of law that because he did not see the hole in the sidewalk while his attention was directed to his friend Edwards that he was guilty of contributory negligence. It was his duty to use ordinary care for his own safety, and whether he was doing this or not was, we think, under the evidence in this case, a question for the jury. To our mind the facts in this case, tending to show contributory negligence on the part of the defendant, are no stronger than the facts in the case of Coffey v. Carthage, supra, and while that case was twice tried and twice appealed to the Supreme Court, the second appeal being reported at 200 Mo. 616, 98 S. W. 562, the verdict for plaintiff was upheld.

The instructions in this case fairly submitted the issues to the jury, the evidence is sufficient to sustain the verdict, and the judgmet will be affirmed. All concur.