Maude **ELMORE**, Respondent,

v.

**KANSAS CITY**, Missouri, a Municipal Corporation, Appellant.

No. 23050.

Kansas City Court of Appeals.

Missouri.

March 7, 1960.

Motion for Rehearing or Transfer to Supreme Court Denied April 8, 1960.

Richard Koenigsdorf, City Counselor, Timothy D. O'Leary, Kansas City, for appellant.

James W. Benjamin, Rogers, Field, Gentry & Jackson, Kansas City, for respondent.

SAM C. BLAIR, Special Judge.

Plaintiff, Mrs. Maude Elmore, sued defendant, Kansas City, Missouri, a municipal corporation, Standard Oil Company and Wilfred E. Bray, that company's lessee of one of its service stations in Kansas City, for personal injuries suffered by her due to a fall on the sidewalk at a point where it was crossed by the south driveway of the service station. No question is raised regarding the pleadings or the evidence and only a general description of the relevant facts is necessary. After alighting from the rear of a northbound bus stopped opposite the driveway and the sidewalk, plaintiff took two or three steps up the driveway, reached the sidewalk, stepped in a hole in it and fell as a result and was injured. She testified that she did not see the hole before she stepped into it. The defendants interposed the defense of contributory negligence. Verdicts were directed for Standard Oil Company and its lessee Bray. The result of the trial was a verdict for $3,500 for plaintiff and against the city and it appeals.

The city first contends that plaintiff's Instruction 3B was reversibly erroneous in that it was incomplete and misleading, and contradictory of Kansas City's Instruction No. 6 properly submitting the defense of contributory negligence. Plaintiff's Instruction 3B read: "In connection with Instruction No. 6, which is known as a 'contributory negligence' instruction, you are instructed that it was at all times the duty of the defendant, Kansas City, Missouri, to exercise ordinary care to keep its sidewalks in a reasonably safe condition for the ordinary use of the public in walking on and passing thereover. You are, therefore, instructed that as the plaintiff was traveling upon the said sidewalk and passing over the particular portion thereof, as mentioned in evidence, she had a right to assume that the defendant, Kansas City, Missouri, had performed its duty aforesaid."

Particularly, the challenge to Instruction 3B is that it must be condemned for telling the jury plaintiff could "assume" that the sidewalk was "in a reasonably safe condition" without also telling the jury that

plaintiff, regardless of her right to this assumption, still was required to exercise ordinary care for her own safety. To support this view the city relies on Ryan v. Kansas City, 232 Mo. 471, 134 S.W. 566, 985; Wheat v. St. Louis, 179 Mo. 572, 78 S.W. 790, 64 L.R.A. 292; Coffey v. City of Carthage, 186 Mo. 573, 585, 85 S.W. 532, 535; Sloan v. American Press, 327 Mo. 470, 37 S.W.2d 884, and Stafford v. Fred Wolferman, Inc., Mo.Sup., 307 S.W.2d 468.

These decisions do not reach, much less determine, the question whether Instruction 3B must be condemned because it does not embrace a requirement for a finding that the plaintiff was exercising ordinary care for her own safety. All of these decisions do declare that a pedestrian using a city sidewalk must exercise ordinary care for his own safety. None declares that an instruction like No. 3B must embrace a requirement for such a finding, provided such a finding is properly required by other instructions. Both plaintiff's Instruction No. 1, which directed a verdict, and the city's contributory negligence Instruction No. 6, which directed a verdict also, required the jury to find that plaintiff was exercising ordinary care for her own safety and in effect precluded a verdict for her if it found she had failed to do so. No argument is made by the city that either instruction failed to present this issue of ordinary care adequately.

■ Of relevance is the rule that instructions are to be read in combination and as an entirety and courts must look to the whole charge to ascertain if a jury, composed of ordinarily intelligent laymen, reading all of the instructions together, would or would not be misled. Machens v. Machens, Mo., 263 S.W.2d 724, 732(7–8) (9); McKeon v. Citizens' Ry Co., 43 Mo. 405, 407; 27 Mo.Dig. Trial ■ No elaboration of this rule or its application is necessary here for the Supreme Court has applied it to a record exactly like this one. Perrette v. City of Kansas City, 162 Mo. 238, 62 S.W. 448. There the

trial judge told the jury in an instruction just like 3B that the plaintiff had the right to "presume" that the sidewalk was in a safe condition. The instruction did not embrace a requirement for a finding that the plaintiff was exercising ordinary care. But the plaintiff's verdict directing instruction did include such a requirement. The complaint made here was made there, Perrette v. City of Kansas City, supra, 62 S.W. 450, and it was held without merit: "It is also urged against this instruction that, before according plaintiff the right to presume that the sidewalk was in a reasonably safe condition for travel, it should have required of him the exercise of ordinary care and prudence at the time of the accident; but, when this instruction is read in connection with plaintiff's second (which directed a verdict), it will be found that the exercise of ordinary care by plaintiff while walking upon the street at the time of the accident was made a condition to his recovery, and the jury must have found that he was in the exercise of such care, otherwise they could but have found for defendant. It was not necessary that both propositions be contained in the same instruction." Cf. Hestand v. Hanlin, 218 Mo.App. 122, 262 S.W. 396; Cool v. Petersen, 189 Mo.App. 717, 175 S.W. 244. Specially noticing Stafford v. Fred Wolferman, Inc., supra, 307 S.W.2d 475, 476, we find nothing in it militating against the ruling in Perrette v. City of Kansas City, supra. The complaint against Instruction 3B must be held to be without merit, although it would have been better draftsmanship to have formulated it to conform to the instructions approved in Bentley v. Rothschild Bros. Hat Co., 144 Mo.App. 612, 129 S.W. 249, and Young v. City of St. Louis, Mo.App., 178 S.W.2d 641.

■ During the presentation of the city's case, plaintiff's counsel, in making an objection, stated in the hearing of the jury that the court had "already held that there isn't any liability on the Standard Oil and Bray in this case". The city claims that the court should have discharged the jury

because of this statement or, refusing to do that, it should have directed the jury to disregard it. At the close of the plaintiff's case, the court had, out of the hearing of the jury, sustained the motions of Standard Oil Company and Bray for directed verdicts. This action was not then announced to the jury and the cause was proceeding with the city presenting its evidence when the statement was made.

Four decisions are relied on by the city. They are not, we think, in point. In each of those decisions counsel made palpably improper use of the fact that the court had submitted his case to the jury. In Kull v. Ford Motor Co., Mo.App., 261 S.W. 734, 736, counsel argued: "If we had no case, his honor would have thrown this case out of court. He would have sent us out, and we would not be arguing this case." In McGowan v. Wells, 324 Mo. 652, 24 S.W.2d 633, 640, counsel argued: "If there was not a question of fact for the jury to pass on, the case would not have been submitted to a jury." In Smith v. St. Louis Public Service Company, Mo.App., 84 S.W. 2d 161, 165, counsel argued: "If the court did not feel it was a matter for your grave consideration, he wouldn't have submitted it to you." In Mooney v. Terminal Railroad Association of St. Louis, 352 Mo. 245, 176 S.W.2d 605, 612, counsel argued: "There is no doubt in my mind *or in the Court's* mind that the case can be submitted to you as a question of fact for the jury to be passed—." This accounts for all decisions relied on by the city. A typical condemnation of arguments of this sort occurs in McGowan v. Wells, supra, 24 S.W. 2d 639(9), 640: "For counsel in argument in any guise or form to tell the jury what the court thinks about the sufficiency of the evidence for any purpose is highly improper, as every lawyer well knows. Its effect on the jury in a close case can hardly be doubted."

There is nothing before us to support an analogy between the occurrences in the cases relied on and the occurrence in this case. Standard Oil Company and Bray were indeed no longer in the case. Plaintiff's counsel believed that their discharge rendered the evidence then being offered objectionable. There is no assertion and no evidence that he acted in bad faith. We are unable to understand why the jury should not have been informed that these defendants had been discharged and that the city was the sole remaining defendant. For we believe it is wholly fanciful and unreal to think that a jury would infer from the statement made that the court had endorsed plaintiff's case against the city. Everyone must admit that the jury had to be told sometime that in deliberating and deciding it would be dealing only with Mrs. Elmore as plaintiff and the city as the sole defendant. At the close of all of the evidence this was done. The court called one of the jurors from the box and required him to sign a verdict finding the issues for Standard Oil Company and Bray. This proceeding was had in the presence and hearing of the jury. Immediately thereafter the court said, as was its duty, "Gentlemen of the jury, there are just two parties to this lawsuit, the plaintiff and Kansas City, Missouri." This is familiar and standard procedure, and it is an essential one if juries are to know what is to be considered and decided, and we are aware of no ruling taking the view that it affects juries prejudicially in instances where another defendant thereafter remains in the case. It strikes us that, if the city's argument could be valid, this same argument could just as logically be urged against the statement of the court.

The judgment is affirmed.

HUNTER, P. J., and BROADDUS, J., concur.