## CAROLINE M. LUEKING, Respondent, v. THE CITY OF SEDALIA, Appellant.

**Kansas City Court of Appeals, May 18, 1914.**

1. **NEGLIGENCE: Personal Injuries: Municipal Corporations: Public Crossings.** The plaintiff sustained personal injuries while walking across one of the public streets of the defendant city. Some of the crossing stones had become so rounded, worn and smooth, that when the plaintiff stepped on one of them, the stone being wet and snowy, her foot slipped into a hole, causing her to fall and break her leg. *Held*, that the demurrer to the evidence was properly overruled.

2. ——: ——: **Degree of Care.** When a pedestrian knows of a defect in a street and it is not so obviously dangerous that a prudent person would not attempt to use the street, he may still use the street, provided he exercises that care which a reasonably prudent person would exercise in like circumstances, but he is not bound to avoid the street entirely, merely because he encounters a defect. which a reasonably prudent man would think he could pass, by the exercise of care.

3 ——: ——: ——: ——. A city is not liable for injuries resulting from the general slipperiness of its streets or sidewalks occasioned by a recent precipitation of rain or snow, but it is liable in all cases where its own negligence is the sole cause of the injury or concurs with a natural cause to produce the injury.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

AFFIRMED.

*John D. Bohling* for appellant.

(1)   A municipal corporation is not liable for injuries from mere general slipperiness of its crossings, occasioned by recent fall of rain or snow.   Reno v. St. Joseph, 169 Mo. 642; Warren v. Independence, 153 Mo. 593; Quinlan v. Kansas City, 104 Mo. App. 616; Reedy v. Brewing Ass'n., 161 Mo. 523; Bonkey v. St., Louis, 219 Mo. 37.   (2)   Plaintiff's own evidence shows her to be guilty of such contributory negligence as to preclude her recovery.   Border v. City of Sedalia, 161 Mo. App. 333; Wheat v. St. Louis, 179 Mo. 572; Sindlinger v. Kansas City, 126 Mo. 315; Wiggins v. St. Louis, 135 Mo. 565; Cohn v. Kansas City, 108 Mo. 387; Diamond v. Kansas City, 120 Mo. App. 185; Boyd v. City of Springfield, 62 Mo. App. 458; Lowe v. Railroad, 145 Mo. App. 255; Coffey v. City of Carthage, 186 Mo. 585; Craig v. City of Sedalia, 63 Mo. 430; Ryan v. Kansas City, 134 S. W. 566; Ryan v. Kansas City, 232 Mo. 471; Kaiser v. St. Louis, 185 Mo. 366; Woodson v. Met. Street Ry. Co., 224 Mo. 701.

*George F. Longan* for respondent.

JOHNSON, J.—This is an action against the city of Sedalia for personal injuries sustained by plaintiff from falling on a crossing of one of the public streets. Plaintiff charges that her fall was caused by a negligent breach by the city of its duty to exercise reasonable care to maintain the crossing (which was of stepping-stones) in a reasonably safe condition for travel. The petition alleges "that said crosswalk was made of large stepping-stones, set and imbedded in the ground; that prior to said 22d day of February, 1913, the defendant had negligently permitted said stepping-stones to become uneven, worn, smooth and sleek from long and constant use so as to be dangerous and unsafe to

step upon, and especially dangerous and unsafe when wet or when snow had accumulated on said stones, and that by reason of the worn condition of said stepping-stones the space between said stones had become so widened as to permit the foot of a person the size of this plaintiff, in a lengthwise position, to pass between the tops of said stones; and that the said defendant had knowingly and negligently permitted said stepping-stones and the said crossing to remain in this unsafe and dangerous condition, notwithstanding the said crossing was at a place much frequented and passed over by people traveling along said thoroughfare, . . . that plaintiff undertook and was crossing on said Washington avenue on said crossing at said place and while using all proper care and caution she stepped upon one of the said defective, smooth, worn, rounded and sleek stones, so as aforesaid described, said stones being at the time wet on account of a light snow being on the same when, by reason of the rounded, worn and sleek condition of said defective stone, plaintiff's foot slipped off of the said stone and into the crevice or opening between the said stone and the stone immediately east thereof, in such a way as to wedge and fasten the foot of plaintiff between the two said stones and in such a way as to cause plaintiff to fall violently to the ground, thereby fracturing both the tibia and fibula bones at the lower end of the ankle joint in the left foot and ankle of plaintiff," etc.

The answer denies the allegations of negligence and alleges that the injury of plaintiff was caused by her own lack of care and by the presence on the stones of recently fallen snow. A trial by jury resulted in a verdict and judgment for plaintiff and defendant appealed.

The only questions raised in the brief of defendant relate to the demurrer to the evidence which it is urged should have been given. As to such questions it is our

duty to consider the evidence in its aspect most favorable to the pleaded cause of action.

The injury occurred early in the night of February 22, 1913, at the intersection of Thirteenth street and Washington avenue. Plaintiff lived at the southeast corner of these streets and was injured while returning home from a visit to her brother who lived two blocks west on Lamine avenue and just north of Thirteenth street which runs east and west. She crossed Thirteenth street at Lamine avenue and proceeded eastward along the south side of Thirteenth street to the crossing of Washington avenue and her fall occurred when she was in the middle of the crossing. Washington avenue was not paved and the crossing consisted of stepping-stones set with spaces between them. They had been there many years and originally had been flat on top but for, perhaps, three or four years, those in the parts of the roadway most used by wagons and other vehicles had fallen into a condition of unsafety to pedestrians owing to the wearing away from contact with wagon wheels which had so rounded the tops of the stones as to render them convex and consequently unsafe for use by pedestrians, especially in wet or snowy weather. In dry weather people who used the crossing, including plaintiff, generally avoided the stones and walked in paths on either side. A light snow which had recently fallen covered the stones and plaintiff states she realized the danger of slipping and falling but concluded that she could cross in safety by exercising care commensurate with the apparent requirments of the situation. She had proceeded to the eleventh stone which was rounded on top when her foot slipped into the space between that stone and the one beyond it in such a manner as to cause her to fall and break her leg. The stone on which plaintiff slipped is described by one witness as "very much worn, especially on the east edge of the stone and where the wagons have rubbed it off smoothly, it is rounded where a

person could easily slide or slip off of it. It is rounded to a great extent, almost like a ball on one side of it."

The tops of the stones, as stated by various witnesses, were from six inches to a foot above the surface of the roadway. Plaintiff, in common with other pedestrians, had used them on occasions when they were wet or covered with snow. The argument that she was guilty in law of negligence that caused or, at least, contributed to her injury, is not well sustained. Her evidence negatives the charge of defendant that in crossing on Lamine avenue to the south side of Thirteenth street she chose the more dangerous of two ways leading to her home. There were stepping-stone crossings in the other course that had been in as long and were in a like condition of repair. There appears to have been no advantage as to safety in one way over the other, but if it be true that plaintiff chose the less safe way, still she cannot be held guilty in law of negligence unless the way selected was so obviously dangerous that a prudent person would have refused to encounter its dangers. The fact that she knew the crossing in its defective state was more dangerous than it would have been if maintained in reasonable repair did not preclude her from using it if a reasonably prudent person in her situation would have thought the increased dangers could and would be avoided by the exercise of greater care than ordinarily would be required. The rule, as stated by the Supreme Court, is that "if he (the pedestrian) knows of a defect and it is not so obviously dangerous that no prudent person would attempt to use the street, he may still use the street provided he exercises that care which a reasonably prudent person would in like circumstances, but he is not bound, merely because he encounters a defect which a reasonably prudent man would think he could pass by the exercise of care, to avoid the street entirely." [Heberling v. Warrensburg, 204 Mo. 604; Coffey v.

Carthage, 186 Mo. 573; Howard v. New Madrid, 148 Mo. App. 57.]

. We cannot say, as a matter of law, that the convex surfaces covered with a light coat of newly fallen snow were so obviously and imminently dangerous that a reasonably prudent person in the situation of plaintiff would have refused to take the risk of using the crossing in the manner and for the purpose the city was inviting her to use it.

We think the negligence of the city in allowing the stepping-stones to remain in that condition so long is indisputable, and need not be discussed, but it is argued by defendant that the recently fallen snow and not the defective state of the stones was the proximate cause of the injury. The rule is well settled that a city is not liable for injuries resulting from the general slipperiness of its streets or sidewalks occasioned by a recent precipitation of rain or snow (Holbert v. Philadelphia, 221 Pa. 266; Reno v. St. Joseph, 169 Mo. 642; Warren v. Independence, 153 Mo. 593; Quinlan v. Kansas City, 104 Mo. App. 616; Reedy v. Brewing Ass'n., 161 Mo. 523; Vonkey v. St. Louis, 219 Mo. 37) but it is liable in all cases where its own negligence is the sole cause of the injury or concurs with a natural cause to produce the injury. The gist of the evidence is that the light covering of new snow alone would not have produced the dangerous condition that injured plaintiff. It required the snow plus the convex surface of the stones to lay the trap for her feet. Clearly this is a case where the alleged negligence is shown to have been a concurrent and co-operating cause of the injury and not merely a remote cause as argued by defendant. The demurrer to the evidence was properly overruled.

The judgment is affirmed. All concur.