MARGARET T. HASTEY v. GEORGE J. KAIME ET AL., Appellants.
—297 S. W. 50.

Division One, July 30, 1927.

**1. NEGLIGENCE: Liability of Lessee of Basement: Hole in Sidewalk.** There was a coal hole in the sidewalk, four feet square, located against the building and covered with an iron door, hung on hinges, and a ladder in the hole permitted an entrance to the basement, in which the lessee conducted a hotel.   She had sole control of the basement, and it was her duty as lessee to furnish heat for the whole building.   Her janitor raised the lid and went into the basement through the hole, and plaintiff, a pedestrian on the sidewalk, fell through the hole, into the basement, twelve feet below.   Her petition charged that the lessee negligently left the hole open, unlighted and unguarded.   **Held,** that the facts sustain the charge, and the lessee is liable.

**2. EVIDENCE: Repetition.**   A refusal to permit a witness to answer a question which calls for a repetition of his already full and specific testimony is not error.

**3. ARGUMENT TO JURY: Intoxicated Plaintiff.**   It is not error to permit counsel for plaintiff to argue that a verdict for defendants would brand her as being so intoxicated that she could not see the sidewalk, where she is charged with contributory negligence, and the janitor has testified for defendants that he saw plaintiff as she came out of the restaurant in the basement, saw her stagger out of the door to the edge of the sidewalk, stagger back toward the door as if she were going back into the restaurant, and then stagger to the coal hole in the sidewalk three feet from the door, into which she fell and received the injuries for which she sues.

4. **COAL HOLE IN SIDEWALK: Notice to City.** Evidence tending to show that for at least two years the coal hole, four feet square in the sidewalk, into which the plaintiff, a pedestrian, fell about eleven o'clock at night, had been used as the only means of entrance to the basement; that the janitor made frequent trips to the basement to fire the furnace and heat water for the hotel therein, and used the entrance to remove ashes; that the lid would at times be left open to permit smoke from the furnace to escape from the basement; that four witnesses who frequented the corner had seen the lid open and leaning against the wall, and that in former years the hole when open was guarded by a screen, is sufficient evidence to submit to the jury the question whether the city had notice that the coal hole was habitually left open and unguarded.

5. ————: **Pedestrian: Contributory Negligence: Question for Jury.** There was a coal hole, four feet square, in the sidewalk, located against the building and covered with an iron door, which swung on hinges towards the wall. Three feet west of it was a door leading into a basement, where was a restaurant. About eleven o'clock on the night of October 17th plaintiff, with her escort, came through the door, turned east, and after taking about three steps, fell into the hole, the lid of which had been raised by the janitor. There was evidence tending to show that plaintiff did not reside in the neighborhood; that she was not familiar with the sidewalk; that this was her first visit to the restaurant; that several gas lights were on connecting streets, an electric sign on the front street, and some light across the street —all some distance from the coal hole; that the restaurant was lighted, but the windows adjacent to the street were painted to the height of a person's head; and that she came from a well-lighted room onto a street which was not well lighted. She testified that it was dark, that she did not look to determine the condition of the sidewalk, that she turned east, and that when she had taken only three steps she fell into the hole. **Held,** that the issue of her contributory negligence was one for the jury to determine.

6. **INSTRUCTION: Negligence as Matter of Law.** There are facts which can be declared to constitute negligence as a matter of law; and where the facts hypothesized in the instruction constitute negligence the court is authorized to tell the jury that, if they find them to be true, their verdict must be for plaintiff, and that is equivalent to telling them that the facts so found are negligence as a matter of law.

7. ————: ————: **Guarding Sidewalk.** The court by the instruction can require the jury to find (a) a continuous condition in the sidewalk which imposed notice on the city; (b) that the size and situation of a trap door to a coal hole in the sidewalk were such as to make its continuous use without a guard, negligence as a matter of law; and (c) that the failure of the city, after notice of its dangerous condition to pedestrians, to have a guard placed around it, was negligence as a matter of law.

8. ————: **Use of Word Dangerous.** The use of the word "dangerous" in an instruction requiring the jury to find that the coal hole in the sidewalk was habitually and frequently open and unguarded prior to the date plaintiff, a pedestrian, fell into it and was injured, "and when open was dangerous and unsafe for pedestrians using said sidewalk," is not erroneous, but such instruction is equivalent to a requirement that the jury find that the sidewalk was not reasonably safe.

9. **NOTICE TO MAYOR: By Suit: Amended Petition: Not Raised at Trial.** Plaintiff fell into a coal hole in the sidewalk on October 17, 1919, and filed her original petition on November 12, 1919, and her amended petition on November 8, 1922. At the trial she did not offer her original petition in evidence, but it was not contended at the trial and is not contended on appeal that she made any claim in the amended petition which was not

made in her original petition. The city requested and was given full instructions on the merits of her claim for damages, and in its motion for a new trial suggested no question about a notice to the mayor, and no question was raised at the trial about the sufficiency of the notice. **Held,** that it should be conclusively presumed that the original petition stated the place where and the time when such injury was received, the character and circumstances of the injury, and that plaintiff would claim damages, and that the purpose of the statute requiring written notice to the mayor within ninety days of the injury was fully met.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2666, p. 736, n. 37; Section 2995, p. 1012, n. 16. **Municipal Corporation's,** 43 C. J., Section 1992, p. 1220, n. 22; Section 2044, p. 1279, n. 84; Section 2054, p. 1300, n. 83. **Trial,** 38 Cyc., p. 1485, n. 64; p. 1603, n. 59; p. 1666, n. 83.

Appeal from Circuit Court of City of St. Louis.—*Hon. Moses Hartmann,* Judge.

AFFIRMED.

*Bartley & Mayfield* for appellant Serena Alexander.

(1)   The demurrer of this defendant offered at the close of plaintiff's case, and renewed at the close of the whole case, should have been sustained.   (a)   It was incumbent upon plaintiff to both plead and prove specific negligence against defendant Alexander.   No negligence was shown against her.   Carpenter v. Hines, 239 S. W. 593; Ryan v. McCully, 123 Mo. 636; Lee v. Jones, 181 Mo. 291; Murphy v. Mack, 239 S. W. 595; Johnston v. Kansas City, 243 S. W. 265; Muser v. Kansas City, 249 S. W. 681; Wren v. Suburban M. T. Co., 241 S. W. 464.   And plaintiff must recover on the cause of action in her petition or not at all.   Duncan v. Gage, 250 S. W. 647; Jennings v. Cherry, 257 S. W. 438; Mo. Pac. Railroad v. Clark, 268 S. W. 97. (b)   The evidence shows plaintiff was guilty of contributory negligence as a matter of law and the court should have so declared.   Coffey v. City of Carthage, 186 Mo. 573; Wheat v. St. Louis, 179 Mo. 572; Jackson v. Kansas City, 106 Mo. App. 52; Ryan v. Kansas City, 232 Mo. 471; Hanke v. City of St. Louis, 272 S. W. 933.   (2)   Witness Mays should have been permitted to state the place was light enough to see.   A witness may give his opinion as to light.   Jones on Evidence (3 Ed.) sec. 360; Com. v. Sturtivant, 117 Mass. 133; Bass Co. v. Glasscock, 82 Ala. 452; Filley v. Billings, 26 Neb. 537; Gallatin v. Corning Irr. Co., 163 Cal. 405; Critanvitch v. Bomberg, 169 Iowa, 736.   (3)   Instruction 1 is erroneous.   Instructions must be within the scope of the issues raised by the pleadings, and must also be based upon the evidence.   Muser v. Kansas City, 249 S. W. 681; Lairson v. Rys. Co., 232 S. W. 484; Wagner v. Railroad Co., 232 S. W. 771;

Pildner v. Shaw Marble Co., 239 S. W. 1095; Vance v. Anderson, 255 S. W. 322; State ex rel. v. Melton, 251 S. W. 447; Young v. Dunlap, 190 S. W. 104. (4) The statements made in the closing argument of counsel for plaintiff should not have been permitted to stand. Jackman v. Ry. Co., 206 S. W. 244. (5) After setting aside and vacating the judgment entered in behalf of the plaintiff, the court could not enter a new judgment of its own motion different from the original judgment entered. Warren v. Order of Ry. Cond. Am., 201 S. W. 368; Reid v. Moulton, 210 S. W. 34.

*Julius T. Muench* and *Charles J. Dolan* for appellant City of St. Louis.

(1) The city of St. Louis is not to be charged with negligence because of the dangerous condition of a sidewalk unless it had notice of the danger, or unless it existed for a sufficient length of time to justify the inference that the city knew of the danger, or by reasonable diligence could have acquired such knowledge in time to have taken reasonable precautions against such danger. McKissick v. St. Louis, 154 Mo. 595; Cooper v. City of Caruthersville, 264 S. W. 48. (2) If a coal hole opening in a sidewalk is safe when the door is closed, and if it is habitually kept closed, the city is justified in assuming that the person in charge of such opening will exercise reasonable care for the safety of others when opening it, and is not bound to surround it with a guardrail. The city is not bound to anticipate the negligent act of a third party. Fehlhauer v. St. Louis, 178 Mo. 635; City of Lafayette v. Blood, 40 Ind. 62; Parmenter v. City of Marion, 85 N. W. 90. (3) The city cannot be charged with liability to respondent unless the city knew, or by the exercise of ordinary care could have known, that the coal hole in question was open and unguarded at the time when respondent fell therein. Fehlhauer v. St. Louis, 178 Mo. 649. (4) Instruction 2, which assumed that it was the duty of the city of St. Louis to place a guard around the coal hole in question, was erroneous. Campbell v. City of Stanberry, 85 Mo. App. 164; 47 L. R. A. (N. S.) 1199 (case note). (5) The use of the word "dangerous" in Instruction 2 had a tendency to mislead the jury regarding the liability of the city. Cooper v. City of Caruthersville, 264 S. W. 49. (6) No action can be maintained against the city unless notice thereof has been given in writing to the mayor, in accordance with the provisions of Sec. 8904, R. S. 1919. The provisions of this section are mandatory. Carter v. St. Joseph, 152 Mo. App. 503; Krucker v. St. Louis, 195 Mo. App. 101; Hackenyos v. St. Louis, 203 S. W. 986. The petition itself is sufficient notice, if served on the mayor within the statutory period of ninety days, provided that it sets forth the information required by the

statute. In the instant case, an amended petition was filed more than three years after the date of the injury complained of, and the case was tried upon the amended petition. In such case, it is necessary for the plaintiff to offer in evidence the original petition in order that the court may determine whether or not it is in compliance with the statute. Wolf v. Kansas City, 246 S. W. 236.

*Hay & Flanagan* and *Edwin D. Franey* for respondent.

(1) The charge that defendant, Serena Alexander, negligently left the coal hole open and unguarded was clearly set forth in the petition, supported by substantial testimony, and submitted to the jury by plaintiff's Instruction 1 and defendant's Instruction 9. Defendant having requested the submission of this issue to the jury, is not now in a position to say that there was no evidence to support it. Crum v. Crum, 231 Mo. 626; State ex rel. v. Allen, 308 Mo. 487; Torrance v. Pryor, 210 S. W. 430. (2) Plaintiff was not guilty of contributory negligence as a matter of law. Wheat v. St. Louis, 179 Mo. 572; Bentley v. Hat Co., 144 Mo. App. 612; Coffey v. City of Carthage, 186 Mo. 573; Heather v. City of Palmyra, 245 S. W. 390. (3) Defendant is in no position to complain of the action of the court in sustaining the objection of plaintiff to the question relating to the coal hole being lighted, for the reason that the testimony which counsel sought to elicit by the question to which objection was sustained had already been given, and for the further reason that defendant in her motion for a new trial does not specify the evidence which it is claimed should have been admitted. Bartner v. Darst, 285 S. W. 449; Robinson v. Railroad, 288 S. W. 109. (4) The argument of counsel was entirely proper. (5) The judgment was entered in accordance with the established and uniform practice in cases in which a *remittitur* is made, but if the entries were technically incorrect, defendant is in no position to complain. R. S. 1919, sec. 1550, subdiv. 13; sec. 1531. (6) It was negligence as a matter of law for the city to permit a coal hole four feet square, eight or ten feet deep, in a much traveled sidewalk, to be open and unguarded frequently and habitually, covering a long period of time prior to and including the date of plaintiff's injury. Fullerton v. Fordyce, 144 Mo. 519. There was substantial evidence that the coal hole was left open and unguarded frequently and habitually for a long time prior to the date of plaintiff's injury and that it was left so on the occasion of plaintiff's injury. (7) Whether it was left open and unguarded was an issue for the jury which was submitted by plaintiff's Instruction 2 and defendant's Instruction 16. The defendant, having requested the submission of this issue to the jury, is now estopped to assert that there was no evidence to support it. Crum v. Crum, 231 Mo.

626; State ex rel. v. Allen, 308 Mo. 487; Torrance v. Pryor, 210 S. W. 430. (8) In 1927, almost eight years after the petition was filed, the city for the first time suggests or even intimates that there was any question about the notice of plaintiff's claim. It was not contended on the trial and is not contended now that plaintiff made any claim in the amended petition which is not made in the original petition. The city requested full instructions on the merits of the claim. It suggested no question about the notice in the motion for a new trial. The city should be held to be estopped from questioning the notice now. Crum v. Crum, 231 Mo. 626.

GANTT, J.—This is an action for personal injuries against the city of St. Louis and the owners and lessee of the property adjacent to that part of the sidewalk where plaintiff alleged she had fallen into a coal hole and was injured.

The petition charged the defendants with the maintenance of a nuisance and with negligently and carelessly failing to provide a railing or guard around the coal hole when open. The answer of the defendant owners was a general denial, and the answers of the city of St. Louis and Serena Alexander, the lessee, were general denials, with a charge of contributory negligence. The case was tried as if the reply was a general denial. At the close of plaintiff's case, a verdict was directed for the owners of the property. On submission of the case to the jury, a verdict of three thousand dollars was returned against the other defendants. Defendants filed motions for a new trial and in arrest of judgment. The court made an order requiring the plaintiff to enter a *remittitur* of fifty dollars within ten days; otherwise, the motions would be sustained. Plaintiff entered said *remittitur*, and the judgment for three thousand dollars was set aside and judgment for $2950 entered on the verdict. Defendants appealed.

At the time of respondent's injury, on the 17th of October, 1919, a saloon and restaurant was conducted on the first floor of the building at the southwest corner of Grand Avenue and Enright Street in the city of St. Louis. The building faces Grand Avenue, with the saloon in the front room and the restaurant in the rear room, with a side entrance opening onto Enright Street, about forty feet west from the west building line of Grand Avenue. Three feet east of the entrance is a coal hole in the sidewalk, about four feet square, located against the building and covered with an iron door, swung on hinges, next to the building. The coal hole was a perpendicular opening under the sidewalk, with a ladder which permitted an entrance to the basement. At the time of respondent's injury and for about three weeks before, appellant Serena Alexander was the lessee of another part of the building, including the basement under the saloon and

restaurant, and was conducting a hotel. It was her duty as lessee to furnish heat for the whole building, and she had sole control of the basement. The respondent and her escort, John W. Gibson, on the 17th of October, 1919, went from Grand Avenue west on the south side of Enright Street, and entered the restaurant at the side entrance at about 9:30 o'clock P. M. They left the restaurant about eleven o'clock P. M. by the side entrance, and on reaching the sidewalk turned east toward Grand Avenue, when respondent, after taking about three steps, fell through the coal hole about twelve feet and into the basement. Other facts will be noted.

I. Appellant Alexander contends that her demurrer to the evidence should have been sustained, for the reason that no negligence was either pleaded or proved. The petition, in addition to charging both defendants with the maintenance of a nuisance, further charged:

**Liability of Lessee.**

"That the defendants negligently and carelessly failed to provide any railing or guard around said coal hole, when open as aforesaid.

"Plaintiff further states that on the 17th day of October, 1919, while said coal hole was open and unguarded, as aforesaid, . . . as defendants knew, or by the exercise of ordinary case could have known, . . . and was dangerous and unsafe for the public and for persons passing along and using the same, plaintiff, at about eleven o'clock P. M., while leaving said entrance to said premises, and while lawfully and properly passing along and over said sidewalk, stepped into the opening or excavation thus left by said open door, and was thereby caused to fall with great force and violence to the bottom of said excavation. . . ."

Appellant Alexander admitted conducting a hotel in the building on the 17th of October, 1919, and testified as follows:

"The furnace room there was under my charge, that was part of my premises. I furnished heat there for the entire building. I would say at the time I went there they did not furnish me with any screen or covering of any kind. While I was there I did not, at any time, make any inspection of that basement entrance to see whether it was dangerous or safe or anything of that kind, because I had nothing to do with the outside of the building; my lease only called for inside repairs. My lease includes this furnace room; I had the use of that. The only entrance I had to that was down on Enright Avenue. At no time while I was there occupying the premises did I purchase or furnish a screen there for my employees to cover this hole with."

The janitor in the employment of appellant Alexander testified that a few minutes before respondent fell, he went into the basement through the hole and closed the lid down after him, and that respondent fell as he was lifting the lid while in the act of coming out of the

basement; that the lid when lifted would not stay up unless held by a box or some other object; that it would not lean against the wall of the building. There was evidence tending to show the lid would stand open and against the wall; that when respondent came from the building onto the sidewalk and had taken three steps toward the east, she fell through the hole and into the basement; that she was not struck by the lid as she fell, and that her escort, Gibson, without having to raise the lid, immediately jumped into the basement through the hole to rescue her, and found the janitor standing in the corner of the basement.

The charge that appellant Alexander negligently left the hole open and unguarded on the 17th of October, 1919, was clearly set forth in the petition, supported by her admission and the testimony of other witnesses, and submitted to the jury by respondent's instruction numbered 1 and appellant Alexander's instruction numbered 9. Respondent's Instruction 1 correctly declares the law, is within the pleadings and the proof, and supported by substantial evidence. This contention is overruled.

II.  Appellant Alexander next contends the court was in error in refusing to permit the witness Mays to answer the question: "On

**Testimony: Repetition.**  that specific night, do you recall what the condition of the sidewalk there was surrounding the coal hole with reference to being lighted? Was it such as you have described here?" The court had permitted the witness to locate the lights in the vicinity and in the saloon and restaurant. In addition, he testified as follows:

"At night, the condition surrounding the coal hole and up and down Enright Avenue there on the south side of it with reference to it being lighted or sufficiently light to enable a person to see an object or to discern the sidewalk where this coal hole was, there was plenty of light. I have always had light; two lights were burning on the corner, one opposite the saloon, and one street light; another was a gas light at the saloon; got plenty of light."

It will be noted that an answer to the question would have been a repetition of the testimony already given. It follows the refusal to permit the witness to answer the question was not prejudicial; and this contention is overruled.

III.  Appellant Alexander assigns as error the action of the court in permitting counsel for respondent to argue that a verdict for

**Argument to Jury.**  defendants would be branding respondent as being so intoxicated she could not see the sidewalk. Respondent was charged with contributory negligence, and witness Mays testified he saw respondent stagger out of the door to the edge of the sidewalk, stagger back toward the door as if she were going back

into the restaurant and then stagger to the coal hole and fall on him. This evidence tended to show contributory negligence. Respondent denied that she was drunk or had been drinking. We think the argument was proper on the issue of contributory negligence; and overrule this contention.

IV. Defendant city contends that the court should have sustained its demurrer, for the reason there was no testimony that the coal hole in question was *habitually* left open and unguarded. There was no evidence that the city had actual notice that the hole was being left open, but there was evidence tending to show that for at least two years before respondent's injury the coal hole had been used as the only means of entrance to and exit from the basement. The janitor would daily go into the basement to fire the furnace and heat water for the hotel. The frequency of his trips to the basement would be determined by the condition of the weather and the amount of hot water used in the hotel. The entrance was also used to remove ashes from the basement. In addition, there was testimony tending to show that this lid would at times be left open to permit smoke from the furnace to escape from the basement; that the janitor would go into the basement on an average of four or five times a day and sometimes as often as twenty times a day. Four witnesses for the respondent, who frequented this corner, testified to having seen the lid in question open and leaning against the wall of the building. There was evidence tending to show that in 1912 and until 1915 the coal hole when open was guarded by a screen. After that time, the evidence shows, the coal hole when open was in no way guarded. We think there was no error in submitting this issue to the jury.

**Notice to City.**

Defendant city directs our attention to the case of Fehlhauer v. City of St. Louis, 178 Mo. 635. In that case there was no evidence that the door of the entrance to the basement had been habitually left open.

V. Appellants contend that the respondent was guilty of contributory negligence as a matter of law. The evidence tends to show that respondent did not reside in this section of the city, was not familiar with the sidewalk where she was injured, and that this was her first visit to the restaurant. Several gas lights are on connecting streets, an electric sign on Grand Avenue, and some light across the street—all some distance from the coal hole. While the restaurant was lighted, the windows adjacent to the street were painted to about the height of a person's head, and the windows in the saloon adjacent to Enright Street had the curtains drawn in the nighttime. She came from a

**Contributory Negligence.**

well-lighted room onto a street which, the evidence tends to show, was not very well lighted, and she testified that it was dark; that she did not look to determine the condition of the walk, and that she turned east toward Grand Avenue, and when she had taken only three steps fell into the hole. We think the issue of contributory negligence was for the jury. [Hanke v. City of St. Louis, 272 S. W. l. c. 937; Bentley v. Hat Co., 144 Mo. App. 12, 129 S. W. 249; Coffey v. City of Carthage, 186 Mo. 573, 85 S. W. 532; Heather v. City of Palmyra, 245 S. W. 390.]

VI. The city assigns as error the giving of the following instruction for respondent:

"You are instructed that if you find and believe from the evidence that on or about the 17th day of October, 1919, plaintiff was a pedestrian upon the south sidewalk of Enright Avenue, an open public highway of the city of St. Louis, and that upon said sidewalk there was an entrance to the basement or coal hole, equipped with an iron lid, which opened back against the wall of the building, and when open, there was no guard to reasonably prevent a person from stepping into said hole; and if you further believe from the evidence that on the occasion aforesaid, said lid was open, and that plaintiff stepped and fell into said coal hole and was injured, and if you further believe from the evidence that the coal hole was open habitually and frequently prior to the date aforesaid, and unguarded, if you so find, and that when open was dangerous and unsafe for pedestrians using said sidewalk; and if you further find and believe from the evidence that said coal hole was frequently and habitually left open, if you find it was frequently and habitually left open for a sufficient length of time prior to said October 17, 1919, that the defendant, the city of St. Louis, by the exercise of reasonable care, could have known of the defect, if you so find, and of its dangerous and unsafe condition, if you so find it was dangerous and unsafe, to have remedied said condition, and if you further believe from the evidence that as the direct result thereof plaintiff sustained her injuries, if any, and that plaintiff was at the time in the exercise of ordinary care for her own safety, then your verdict must be for the plaintiff and against the defendant, the city of St. Louis."

(1) It is contended the instruction is erroneous for the reason it assumes as regards the city that the failure to guard is negligence. There are facts which can be declared to show negligence as a matter of law, and we think the facts in this case so show. (a) The jury were required to find a continuous condition which imposed notice on the part of the city. (b) The size and situation of the trap door are such as to make its continuous use without a guard of some kind

<div style="margin-left:2em">Negligence<br>as Matter<br>of Law.</div>

negligence as a matter of law. (c) The failure of the city to have it guarded is negligence as a matter of law. If the facts required to be found were admitted, the court would have to say that the city was negligent. When the court tells the jury that if they find certain facts "then your verdict must be for the plaintiff," it is equivalent to saying that "if you find these facts such facts are negligence as a matter of law, and your verdict must be for the plaintiff." If the court could say these facts being admitted the defendant was negligent, then we can see no difference between that and the court saying that if the jury finds these facts it is declared as a matter of law the defendant was negligent. Courts continuously hold, after the facts are detailed, that plaintiffs are guilty of negligence as a matter of law. Why not the same right to say that a given state of facts shows negligence as a matter of law? [Fullerton v. Fordyce, 144 Mo. 519.] The contention is overruled.

(2) It is next contended that the use of the word "dangerous" in said instruction had a tendency to mislead the jury regarding the liability of the city. A like criticism was made of a similar instruction in Hebenheimer v. St. Louis, 269 Mo. 1. c. 101. We there ruled as follows: "If the jury found the coal hole and, therefore, the sidewalk to be in 'an unsafe, insecure and dangerous' condition, this was equivalent to finding that it was not reasonably safe." We adhere to this ruling, and the contention is overruled.

VII. The city contends that this action cannot be maintained for the reason that no notice was given the mayor in writing, within

**Notice to Mayor.** ninety days of the injury for which respondent claims damages, stating the place where, the time when such injury was received, the character and circumstances of the injury, and that the respondent will claim damages therefor from the city. Respondent was injured on the 17th of October, 1919, the original petition was filed on the 12th of November, 1919, and the amended petition was filed on the 8th of November, 1922. The trial was had in May, 1924. The city admits that the petition is sufficient notice if. served on the mayor within the statutory period of ninety days provided it sets forth the information required by the statute. The contention rests on the failure of respondent to offer in evidence the original petition that the court might determine whether or not it sets forth the information required by statute to be contained in the notice to the mayor. It was not contended on the trial and is not contended now that plaintiff made any claim in the amended petition which was not made in the original petition. The city requested and was given full instructions on the merits of the claim. It suggested no question about the notice in the motion for a new trial, and no question was raised at any time about the sufficiency of the notice. In these cir-

cumstances we think it should be conclusively presumed that the original petition stated "the place where, the time when such injury was received, the character and circumstances of the injury, and that the respondent would claim damages therefor from the city." This contention is overruled.

It follows that the judgment against defendants city of St. Louis and Serena Alexander should be affirmed. It is so ordered.. All concur.