EVA MOORE, RESPONDENT, v. MONARCH GASOLINE AND OIL COMPANY, APPELLANT.—35 S. W. (2d) 669.

Kansas City Court of Appeals.  January 26, 1931.

W. H. *Skinner* and *Madden, Freeman & Madden* for respondent.

*Harris & Koontz* for appellant.

CAMPBELL, C.—This is an action to recover damages for personal injuries sustained by plaintiff as the result of a fall upon a sidewalk. The plaintiff recovered, and the defendant appeals.

The sufficiency of plaintiff's petition is not questioned, and the answer is a general denial.

The evidence tends to show that defendant, a corporation, at the time of the accident, and continuously for a number of years immediately preceding that date, was engaged in operating a gasoline filling station located on Grand Avenue, Kansas City, Missouri; that some time before the alleged accident, the exact time not being shown, the defendant tore out the sidewalk extending north and south along the west side of said Grand Avenue at a point in front of its said station on Grand Avenue and contructed a driveway extending therefrom into the street; that prior to the construction of said driveway the public sidewalk was practically level except for a slight slope to the eastward; that that portion of the driveway designed as a sidewalk slopes from west to east; that it is seven feet in width, and the east line is at one place nine-tenths of a foot lower than the west side; that the slope of this sidewalk is not uniform, varying from an eight per cent grade to a thirteen per cent grade; that on the 26th day of January, 1926, plaintiff walked southward upon said sidewalk and passed onto said driveway; that she had taken three steps in the driveway when her right foot slipped; that she endeavored to catch herself, was unable to do so and fell, sustaining serious injuries; that her foot slipped down the slope and if the slope had not been there she would not have fallen; that it was snowing at the time and that she saw oil and grease on the driveway; that she did not know the slope existed in the driveway.

The defendant did not offer evidence.

The errors assigned are: (1) That the court erred in refusing to give defendant's peremptory instruction at the close of plaintiff's evidence; and (2) that the court erred in giving plaintiff's instruction Number 1.

In support of the contention that its peremptory instruction should have been given, defendant argues that the duty to maintain and repair sidewalks and to keep them in reasonably safe condition rests upon the city, and a failure in that particular by the abutting property owner does not render such owner liable for damages.

The following cases cited by defendant sustain that proposition. [Smith v. Railway Company, 275 S. W. 53; Shaw v. Railway Company, 9 S. W. (2d) 835; Callaway v. Mercantile Company, 12 S. W. (2d) 491.]

The doctrine of those cases is not applicable to this case. In this case the defendant tore out the public sidewalk, which presumably was constructed by or under authority of the municipality, and for its own convenience and in furtherance of its business constructed the driveway, and in doing so changed the slope of the sidewalk from a three-tenths of a foot slope from west to east to a nine-tenths of a foot slope. It is well established law that when defendant tore

out the old sidewalk and constructed the driveway for its use and benefit, the law imposed upon it the duty to construct a sidewalk that was reasonably safe for travel by pedestrians, and for its failure so to do it is liable to a pedestrian who, while in the exercise of ordinary care, is injured in consequence thereof. [Perrigo v. St. Louis, 185 Mo. 274; 286 S. W. 30; Callaway v. Mercantile Company, 12 S. W. (2d) 491; Steward v. Shiedley, 16 S. W. (2d) 607.] On that subject it has been said in a recent case ''upon a person who employs a part of a public sidewalk for private use, the law imposes the highest degree of vigilance and care to keep the same in a safe condition for the public.'' [Cool v. Rohrback, 21 S. W. (2d) 919, 921.] The question therefore is, did the evidence of plaintiff tend to show that the driveway as constructed and maintained by defendant was not in a reasonably safe condition for travel thereon by pedestrians exercising ordinary care?

If reasonable minds may differ as to whether the driveway was or was not reasonably safe for travel by pedestrians exercising ordinary care, then the question was for the jury.

''And if the evidence discloses a situation and a state of facts from which different minds may honestly and reasonably draw different conclusions as to whether there was negligence, it is elementary that the question is for the jury, and not for the court.'' [Owen v. Delano, 194 S. W. 756, 760.]

In the case of Lundahl v. Kansas City, 209 S. W. 564, the plaintiff stumbled and fell upon a granitoid walk because one of the blocks had sunk at the lowest place between two and three inches below the next block level.

The court said:

''The obstruction may be so great or so slight that it could be declared to be, or not to be, negligence, as a matter of law. That in the present case is along the border line, and we think it should be left to a jury.''

The same legal principle is recognized in Berry v. City of Sedalia, 212 S. W. 34.

There is no evidence in this case that the decline in the sidewalk of about eleven inches in a distance of seven feet was necessary for any purpose except for the use and convenience of the defendant and in furtherance of its business.

Considering the evidence and the reasonable inferences to be drawn therefrom, as we must, in the light most favorable to plaintiff, we are unwilling to say that the driveway was, as a matter of law, reasonably safe for the use of pedestrians.

In the circumstances revealed by the record, the question whether the construction and maintenance of the driveway was negligence, falls within the rule announced in the Lundahl case, supra, and was therefore for the jury and not for the court.

The only objection to plaintiff's instruction 1 is that it should not have been given because the court should have given defendant's demurrer. Both assignments are ruled against defendant. Defendant does not contend the verdict is excessive or that plaintiff was guilty of contributory negligence. What we have said disposes of all the questions presented by defendant. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL C., is hereby adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.