Germaine MARTIN, Respondent,

v.

J. L. GILMORE, d/b/a Acme Manufacturing Company, Appellant.

No. 23545.

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

———◆———

John J. Alder, Wiley W. Morrison, Herman N. Swafford, William B. Miller, Robert E. Davidson, Alder & Morrison, Kansas City, for appellant.

Hale Houts and J. D. James, Hogsett, Houts, James, Randall & Hogsett, Kansas City, for respondent.

CROSS, Judge.

In this action plaintiff sues to recover damages for personal injuries received when she fell on a snow and ice covered public sidewalk in front of defendant's premises. Defendant appeals from a judgment entered upon a jury verdict awarding plaintiff damages in the amount of $7500.00.

Plaintiff's case is based on allegations in her petition to the effect that defendant had maintained a private driveway across the public sidewalk abutting its premises for its own private convenience and use; that the driveway was constructed and maintained by defendant in such a way as to alter the grade of the sidewalk and render a portion of it extremely steep, deceptive and dangerous at the point where it was joined by the driveway; that the described steep, uneven and roughened part of the sidewalk became extremely hazardous to pedestrians in damp and freezing weather when it became covered with ice and snow; that defendant knew of the unsafe condition of the sidewalk in time to correct it, but, notwithstanding, negligently and carelessly maintained that condition and was so maintaining it when plaintiff fell thereat; and, that plaintiff was caused to fall and receive injuries as a direct result of defendant's negligence in maintaining the alleged dangerous condition of the sidewalk. Answering the petition, defendant generally denies its allegations and asserts the defense of contributory negligence on the part of plaintiff.

Defendant first contends that the trial court erred in refusing to direct a verdict in his favor because (1) plaintiff failed to prove any negligence against him, and (2) plaintiff is guilty of contributory negligence as a matter of law. In ruling the assignment, we shall consider the evidence from the viewpoint most favorable to plaintiff. Defendant concedes that "the record must be reviewed and weighed by resolving all arguments and inferences in favor of plaintiff to sustain the judgment of the lower court".

Plaintiff, Mrs. Germaine Martin, age 42, is an employee of City Mattress Company, 1410 Agnes Street, Kansas City, Missouri. Defendant, J. L. Gilmore, owns and operates the Acme Manufacturing Company, located at 1406–08 Agnes Street, located next to and immediately west of City Mattress (both establishments being on the west side of Agnes Street). There was a public sidewalk on the west side of Agnes, across which Acme maintained a driveway for trucks entering and leaving its premises. At the point where the north edge of the driveway joined the sidewalk, the latter had been steepened or slanted to meet with the driveway, which had a lower elevation than did the sidewalk. The maximum slope shown by the evidence was 4½ inches in two feet.

On the morning of January 27, 1959, at about 7:30 A.M., plaintiff was walking on the public sidewalk in front of Acme on her way to work at City Mattress, next door south. It was a cold, freezing morning. There was ice and snow generally, all over town. There had been snow the day before and ice had formed. There had been more snow the night before. According to plaintiff's evidence, the snow and ice had not

been cleaned off the sidewalk in front of Acme. The steepened part of the sidewalk adjoining the north edge of the driveway was covered with snow and ice and was slick. When plaintiff approached and stepped on the described sloping juncture of the sidewalk and driveway, she slipped on the snow and ice and fell forward, striking her right wrist, face and knees. She suffered a broken wrist and other injuries. The record does not disclose when or by whom the driveway was constructed across the sidewalk. It is shown, however, that defendant maintained the driveway and the sidewalk for approximately 30 years in essentially the same condition as described above. Defendant admitted he had occupied the Acme premises since 1930, first as a tenant, and for the last 10 years as owner. He stated that when he came in 1930 the sidewalk in front of the premises and the driveway that crosses the sidewalk were in the same condition of construction as at the time he was testifying. He had made no repairs on the driveway except to seal the cracks with a filler substance. During the entire period of his occupancy trucks had been operated to and from his building over the driveway.

■ Defendant's insistence that plaintiff failed to prove any negligence on the part of defendant is based on argument that defendant had no duty to repair or maintain the public sidewalk abutting his property. It may be conceded, as a general rule, that a property owner owes no duty to the public to maintain an abutting sidewalk in a safe condition. The obligation to the public rests on the city, and not on the abutting property owner. That rule, however, is not absolute. It yields to the qualifying principle that an *abutting property owner who makes a special use of the sidewalk is under a duty to exercise reasonable care to maintain that part put to his special use in a reasonably safe condition for use by the public*. Thus, the abutting owner or occupant will be liable where he uses the sidewalk for his own private benefit or convenience and fails to exercise rea-

sonable care to prevent injury to persons lawfully using the way. 63 C.J.S. Municipal Corporations § 861; Moore v. Monarch Gasoline & Oil Co., 225 Mo.App. 115, 35 S.W.2d 669. Particularly referable to the facts in this case is the following statement quoted from C.J.S., above cited: "Where a sidewalk is used as a driveway for vehicles by an abutting owner or occupant, the special use carries with it the duty not to permit the use to create conditions unsafe for the passing thereon of pedestrians, or if it does create such conditions not to allow them to remain for an unreasonable time, such owner's duty being to exercise reasonable care and diligence in the keeping of the driveway at the point where it was superimposed upon the sidewalk in a proper and safe condition for the passage of pedestrians rightfully using the sidewalk". Missouri courts have consistently recognized and applied the foregoing concepts of duty imposed on a property owner who makes special use of the public sidewalk.

In Perrigo v. City of St. Louis et al., 185 Mo. 274, 84 S.W. 30, the Supreme Court said that if the owner of property abutting the sidewalk is allowed an extraordinary use of the sidewalk, "the law imposes on him the exercise of reasonable care to guard the public from injury in such use".

In Moore v. Monarch Gasoline & Oil Co., supra, plaintiff fell on a driveway defendant had constructed across the public sidewalk for its own use in operating a filling station. It was then snowing and there was some oil and grease on the driveway. In affirming a judgment for plaintiff this court held that plaintiff's case was properly submitted to the jury. In the opinion we said:

"In this case the defendant tore out the public sidewalk, which presumably was constructed by or under authority of the municipality, and for its own convenience and in furtherance of its business constructed the driveway, and in doing so changed the slope of the sidewalk from a three-tenths of a

foot slope from west to east to a nine-tenths of a foot slope. It is well-established law that when defendant tore out the old sidewalk and constructed the driveway for its use and benefit, the law imposed upon it the duty to construct a sidewalk that was reasonably safe for travel by pedestrians, and for its failure so to do it is liable to a pedestrian who, while in the exercise of ordinary care, is injured in consequence thereof".

The case of Cuddy v. Shell Petroleum Corporation, Mo.App., 127 S.W.2d 24, also involves a driveway which had been constructed and maintained across the public sidewalk as a means of access to a filling station for the abutting owner's convenience. As in the instant case, the driveway had been built across the sidewalk prior to defendant's occupancy, and the liability of defendant was based on its negligent maintenance of a dangerous condition created by a predecessor. The petition charged that the driveway had been negligently constructed in that it was steep and dangerous to pedestrians when covered by wet, slippery or slick substances, and alleged that defendant negligently permitted the driveway to be and remain in said condition with knowledge that it was dangerous to persons walking thereon. It was shown by the evidence that plaintiff Cuddy slipped and fell on the sloping driveway when it was covered with ice and snow. The court ruled that plaintiff had made a submissible case. Also see State ex rel. Shell Petroleum v. Hostetter, 348 Mo. 841, 156 S.W.2d 673; Sutton v. Fox Missouri Theatre Company et al., Mo.Sup., 336 S.W.2d 85; and Cool v. Rohrbach, Mo.App., 21 S.W.2d 919.

We have carefully considered the cases cited by defendant, but do not find in them any contradiction of the firmly established rule observed in this state, demonstrated above, that a property owner who makes a special use of an abutting sidewalk, for his own benefit and convenience, assumes the duty to exercise reasonable care to guard the public from injury in such use. None of those cases arose by reason of any *special* use put to the sidewalk by the property owner, involving its structural alteration. They are "ordinary" sidewalk cases, distinguishable as such from this case and the cases relied on by plaintiff, including the Cuddy case, where the court said, "In this case, however, we are not dealing with merely an ordinary public sidewalk. We have here a charge of negligence on the part of defendant as owner of the abutting property with respect to the construction *and maintenance of a sloping driveway* in the public sidewalk which was used by defendant for its own special, private purposes, the maintenance of which in that condition is alleged to have rendered the sidewalk unsafe".

Defendant insists that he is not liable because he performed no affirmative act which created the "condition" of the sidewalk. This argument is effectively answered by the following statement quoted from the Cuddy case, supra: "In the case at bar, although Shell Petroleum Corporation did not originally construct the sloping driveway in the sidewalk, it did, for its own purposes, maintain the driveway in the sloping condition it was in when plaintiff fell thereon. We think, in view of the evidence, reasonable minds would differ on whether the driveway was maintained in a reasonably safe condition for the use of pedestrians using the public sidewalk through which the driveway was maintained, and the question was therefore one for the jury to determine".

Defendant further urges the insufficiency of plaintiff's evidence to make a submissible case on the ground that there was "inadequate evidence of dangerousness". He argues, "Our courts have held that a simple slope in a sidewalk does not create evidence of dangerousness", citing three cases: Morgan v. Kroger Grocery & Baking Co., 348 Mo. 542, 154 S.W.2d 44; Mullen v. Sensenbrenner Mercantile Co., Mo.Sup., 260 S.W. 982, 33 A.L.R. 176; and Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369. The Morgan and Paubel cases have no applica-

tion to the question raised, because their decision did not turn on the degree or amount of slope involved. In the Mullen case, the Supreme Court held that no case was made for the jury by evidence that plaintiff fell on a slick tile entrance with a slope of one inch per foot. In our opinion the Mullen case is not persuasive. It did not involve the use of a public sidewalk. Plaintiff was a business invitee on private premises. Significantly, the slope in the Mullen case was less than half the slope shown in the case before us.

There is substantial authority in Missouri decisions that a slope in a sidewalk of the degree shown in this case ($4\frac{1}{2}$ inches in 24 inches) is sufficient to present a jury issue of negligence. We so rule. See Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562 (slope, $1\frac{1}{2}$ inches in 8 inches); Vogrin v. Forum Cafeterias of America, Mo.Sup., 308 S.W.2d 617 (slope, $6\frac{6}{100}$ of an inch in 12 inches).

■ We conclude that plaintiff's evidence was sufficient to present a jury question of whether plaintiff fell and was injured as a result of negligence on the part of defendant.

We next consider defendant's complaint that plaintiff was guilty of contributory negligence as a matter of law. Additional facts pertinent to that question are as follows: For three and one-half years plaintiff had customarily traveled the same route to her work as she did on the morning she fell. On each occasion she walked along and over the same sidewalk and the Acme driveway. She was familiar with the place where the sidewalk sloped down to join with the driveway and knew it in detail, except that she had never observed specifically the steepening of the sidewalk at the place she fell and did not recall any specific occasion when she had stepped in the same place. She was aware that all of the sidewalk was covered with snow and ice and was slippery and that there was a condition of snow and ice all over town. Plaintiff was wearing rubber soled shoes, carried a handbag on her arm and was walking carefully. She was using the only sidewalk available to her and the public generally.

Defendant bases this present contention solely on the proposition that plaintiff had full knowledge of the conditions affecting the safety of the sidewalk. We are unwilling to say that plaintiff is guilty of contributory negligence as a matter of law merely because she used the sidewalk when she knew that it sloped and was covered with snow and ice.

■ It is thoroughly settled law in this state that a pedestrian, knowing of a defect in a street not obviously dangerous, may use it, provided he exercises the care which a reasonably prudent person would exercise under the circumstances. Lueking v. City of Sedalia, 180 Mo.App. 203, 167 S.W. 1152; Stewart v. Sheidley, 223 Mo.App. 554, 16 S.W.2d 607; Wyckoff v. City of Cameron, Mo.App., 9 S.W.2d 872; Heberling v. City of Warrensburg, 204 Mo. 604, 103 S.W. 36.

In Lueking v. City of Sedalia, supra, this court quoted with approval the following statement from Heberling v. City of Warrensburg, supra; "If he (the pedestrian) knows of a defect, and it is not so obviously dangerous that no prudent person would attempt to use the street, he may still use the street, provided he exercises that care which a reasonably prudent person would in like circumstances, but he is not bound merely because he encounters a defect which a reasonably prudent man would think he could pass by the exercise of care, to avoid the street entirely".

In Stewart v. Sheidley, supra, this court also said: "In the present case we do not find evidence indicating contributory negligence by plaintiff as a matter of law. The street and sidewalk were in the heart of the city, and were in common use by the general public. They constituted the most direct highway from the post office to his regular mail-delivery route. We cannot say that knowledge of a mere defect in a city street not necessarily dangerous to one using prop-

er care makes that street pariah, thenceforward to be shunned at whatever cost".

■ In this case we cannot adjudge plaintiff Martin guilty of contributory negligence as a matter of law. The facts in evidence do not disclose a danger so obvious and imminent that no person in the exercise of due care for his own safety would have been willing to encounter it. Nor can it be said that, considering all the evidence touching plaintiff's conduct at the time and place in issue, all reasonable minds would necessarily reach the conclusion that she was guilty of contributory negligence as a matter of law. Therefore, the question of plaintiff's contributory negligence was one for the jury to decide.

We find no merit in defendant's first assignment, and conclude that the trial court properly refused to direct a verdict in defendant's favor.

Defendant next contends that the trial court erred by giving plaintiff's verdict directing instruction No. 1, consisting of two paragraphs. The first paragraph of the instruction is an abstract statement of law to the effect (1) that the duty of a property owner, under the circumstances which have been shown by the evidence to exist in this case, is to exercise ordinary care to maintain the altered portion of the sidewalk in a reasonably safe condition, and (2) that a property owner who fails to observe such duty is negligent. We find no fault with these declarations. In our opinion the first paragraph is a correct statement of abstract law and contains no error.

The second paragraph of instruction No. 1 undertakes to hypothesize all the facts necessary for the jury to find in order to return a verdict for plaintiff. Essentially, the facts hypothesized are as follows: (1) that the driveway had been (constructed and) maintained so as to steepen the slope of the sidewalk; (2) that the sidewalk was covered with ice and snow; (3) that because of the steepened slope and the ice and snow the sidewalk was deceptive and

dangerous; (4) that plaintiff fell and was injured as a result of the deceptive and dangerous condition; and (5) that plaintiff was exercising ordinary care for her safety.

■ Conspicuously absent from the necessary findings enumerated in the second paragraph is a finding to the effect that the deceptive and dangerous condition of the sidewalk was the result of defendant's failure to exercise ordinary care. We think it cannot be disputed that the measure of defendant's duty was *to exercise ordinary care* to maintain the abutting sidewalk in a reasonably safe condition. In Gershon v. Kansas City, Mo.App., 341 S.W.2d 374, this court recently considered the propriety of an instruction which told the jury that *it was the duty* of the defendant to keep the sidewalk in a reasonably safe condition. In the Gershon opinion we pointed out that the full measure of the duty of a city in maintaining streets and sidewalks is no more than to *exercise ordinary care* to keep them in a reasonably safe condition, citing Albritton v. Kansas City, 192 Mo.App. 574, 188 S.W. 239; Schaefer v. Kansas City, Mo.App., 270 S.W.2d 84. Therefore, we concluded, the instruction contained a positive misdirection as to the applicable law and was prejudicially erroneous, because it incorrectly enlarged the defendant's duty.

In this case we are constrained to rule that the second paragraph of Instruction No. 1 is a positive misdirection of law because it permits the jury to return a verdict for plaintiff without finding that the defendant failed to exercise ordinary care (or was negligent). Therefore, we consider the instruction to be prejudicially erroneous. We do not believe that the correct statement of defendant's duty in paragraph one has the effect of curing the misdirection of the second paragraph, which places an *absolute duty* on defendant to keep the sidewalk in a safe condition and, in effect, declares that defendant is an insurer of the public's safety.

Defendant undertakes to defend the propriety of paragraph two by arguing that *in effect* it required a finding that plaintiff exercised ordinary care because it required the jury to find facts *which constituted negligence as a matter of law.* Therefore, plaintiff says, "it is not necessary to require the jury to find that the facts so found constitute negligence". Authorities cited in support of this contention include cases in which the acts relied on for recovery were violations of statutes governing the operation of motor vehicles and amounted to negligence per se. We do not consider those cases relevant to the point involved. Plaintiff additionally cites Munden v. Kansas City, 225 Mo.App. 791, 38 S.W.2d 540; Hastey v. Kaime, 317 Mo. 1010, 297 S.W. 50; Hebenheimer v. City of St. Louis, 269 Mo. 92, 189 S.W. 1180; Moore v. Monarch Gasoline & Oil Co., 35 S.W.2d 669; Cuddy v. Shell Petroleum Corp., 127 S.W.2d 24; and Obert v. City of St. Louis, Mo.App., 148 S.W.2d 126. We proceed to analyze those cases.

In the Munden case, plaintiff's automobile struck a hole in the street causing the steering gear to break. The hole was 2 to 3 feet long, 1½ feet wide and 8 or 9 inches deep. It is true, as defendant here points out, that the appellate court approved plaintiff's verdict directing instruction in Munden, and said in its opinion: "The instruction required the jury to find the facts which go to make up the negligence charged in the petition, and the failure to use the word 'negligence' does not render it erroneous". However, our reading of the instruction discloses that it required the jury to find "that the hole or depression * * * had existed in said street, for a length of time sufficient for * * * defendant to have known *by the exercise of ordinary care* of its existence * * * and had existed for a sufficient length of time after the time defendant knew or *by the exercise of ordinary care* should have known of its existence, * * * for the * * * defendant *by reasonable*

*diligence* to have repaired the same * * *". We believe that those required findings, considered in connection with the hypothesis that the hole was actually in the street, are tantamount to requiring the jury to find that defendant failed to exercise ordinary care. Of course, such a finding amounts to a finding that defendant was negligent.

In Hastey, plaintiff fell through a coal hole in the sidewalk. Her verdict directing instruction required the jury to find "that the defendant the city of St. Louis, by the exercise of reasonable care, could have known of the defect, if you so find, and of its dangerous and unsafe condition, * * * (in time) to have remedied said condition;". We believe that the effect of the foregoing language is to submit to the jury the issue of whether defendant exercised reasonable care to discover the defect in accordance with its lawful duty.

Of similar import is Hebenheimer—another coal hole case. In plaintiff's main instruction the trial court told the jury their verdict should be against the city if they found (among other things) "that the city knew or by the exercise of ordinary care would have known of the existence of said loose, unsafe, dangerous, and insecure cover in time, by the exercise of ordinary diligence, to have made it safe and secure before plaintiff was injured,".

In Obert a pedestrian fell at a place where an asphalt paving was buckled. Plaintiff's instruction required a finding that defendant "negligently failed so to do, (discover and repair the defect) and that as a direct result of said negligent failure of the said defendant, if any, the ridge and break in said sidewalk caused the said sidewalk to be in an unsafe and dangerous condition for the plaintiff to use".

We next consider the Moore case, urged by plaintiff as authority for its contention that a finding of the hypothesized facts in Instruction No. 1 constitutes a finding of negligence as a matter of law. The Moore

opinion does not quote plaintiff's verdict directing instruction or abstract its contents. That instruction, however, reposes in the files of this court. We have read it and find that it specifically submits to the jury the direct issue of defendant's negligence, in the following words: "and if you further believe and find from the evidence that defendant, in constructing the driveway in the manner aforesaid * * * and in changing and altering the former construction of the sidewalk at said point in the manner aforesaid * * * was negligent;".

We find nothing in the Cuddy case of benefit to plaintiff on the present question. That case was reversed by the St. Louis Court of Appeals because plaintiff's verdict directing instruction erroneously failed to include the issue of contributory negligence which was asserted by defendants. The opinion contains no discussion of the instruction otherwise. The text of the instruction is not set out. We cannot assume that it permitted the jury to return a verdict for plaintiff without a finding that defendants were negligent or failed to exercise reasonable care.

There is no authority before us to sustain plaintiff's plea that the acts hypothesized in Instruction No. 1 amount to negligence as a matter of law. By our independent research we have not found any case, even remotely analogous to this one, where the jury has been permitted to return a plaintiff's verdict without a finding that the defendant breached his duty to exercise due care or was guilty of negligence.

Plaintiff's argument that it was not necessary for the jury to find that defendant was negligent is contrary to fundamental law. As the Supreme Court said in Fortner v. St. Louis Public Service Co., Mo., 244 S.W.2d 10, quoting from Gratiot v. Missouri Pacific R. Co., 116 Mo. 450, 21 S.W. 1094, "Negligence is ordinarily a question for the jury. It is always so when the evidence on material points is conflicting, or where, the facts being undisputed, different minds might reasonably draw different conclusions from them". The application of this rule is required in this case because there is sharp conflict in the evidence of the two parties on a vitally material point. It was plaintiff's testimony that the sidewalk where she fell was covered with snow and ice. According to defendant's evidence the snow and ice had been removed and the sidewalk was not slippery; one of his employees had removed the snow and ice from the sidewalk and salted it down prior to the time plaintiff walked over it. Furthermore, even on the basis of plaintiff's testimony alone, we do not believe that all reasonable minds would necessarily conclude that plaintiff was guilty of negligence under the circumstances shown.

Defendant's brief contains two additional assignments: (1) that the court erred in permitting plaintiff to introduce the life expectancy mortality table contained in the Missouri Statutes, and (2) that the verdict is excessive. Since a retrial of this case will be ordered, those questions will not be considered.

Because of the prejudicial error in Instruction No. 1, the judgment is reversed and the cause remanded for a new trial.

All concur.